NIMMICK V. MATHIESSON and another.

JUSTICES' COURTS. *Jurisdiction in actions founded upon accounts.*

1. Ch. 30, Laws of 1870, amending sec. 5, ch. 120, R. S., declares that justices of the peace shall have jurisdiction of "actions arising out of contract express or implied, wherein the debt or balance due or damages claimed shall not exceed $200." Provision is also made for the jurisdiction of justices in certain other classes of actions, but no specific reference is made to actions upon accounts. *Held*, that sec. 9, ch. 120, R. S., which defines the jurisdiction of justices in "actions founded on any account," continued in force after the passage of the act of 1870-

2. An action was commenced before a J. P., in June, 1870, based upon an account embracing a number of distinct items of debit and credit of various dates, the debits amounting to $331.26, and the credits to $190.45, and the balance claimed to be due the plaintiff being $140.81. *Held*, that the provisions of said sec, 9, ch. 120, R S., applied to the action, and the justice had no jurisdiction.

APPEAL from the Circuit Court for *Iowa* County.

The defendants appealed from a judgment in favor of the plaintiff. The case is sufficiently stated in the opinion.

*E. P. Weber*, for appellants, argued that the justice had no jurisdiction of the subject matter of the action (R. S., ch. 120, sec. 9 ; *Pelt v. Pelt*, 19 Wis., 196 ; *Malone v. Clark*, 2 Hill, 657 ; *Stephens v. Boswell*, 2 J. J. Marsh., 29 ; ch. 142, Laws of 1871); that the objection might be taken at any stage of the proceedings (*Klaise v. The State*, 27 Wis., 463) ; and that in such a case the circuit court acquires no jurisdiction by the appeal, but must dismiss the action. *Klaise v. The State*, and *Pelt v. Pelt*, *supra* ; *Stringham v. Supervisors*, 24 Wis., 594.

*Alex. Wilson*, for respondent, as to the question of jurisdiction, relied on sec. 5, ch. 120, R. S., amended by ch. 30, Laws of 1870.

COLE, J. This was an action of attachment commenced June 20, 1870, before a justice of the peace. The action was founded upon an account for a certain quantity of zinc ore sold and delivered at various times by the plaintiff to the defendants. The ore at the price claimed amounted to $331.26, upon which the plaintiff had been paid at divers times $190.45, leaving a balance due on the account of $140.81.

The objection is taken on the part of the defendants, that as the action was founded upon an account, which necessarily involved an examination of the correctness of the various items therein, amounting on the part of the plaintiff to $331.26, the justice had no jurisdiction. The objection seems to us insuperable.

There can be no doubt that the action was founded upon an account, in the proper and strict sense of that word, because it embraced a number of distinct items of debt and credit of different dates. As no balance had been stated and agreed upon, the determination of the action required a judicial investigation into the mutual demands between the parties. The justice at that time had no authority under the statute to try an action founded upon an account involving this amount. Section 9, ch. 120, R. S., determined the extent of the jurisdiction of a justice in an action founded upon an account, and then provided that a justice should have jurisdiction of such actions where the amount proved to the satisfaction of the justice should not exceed two hundred and fifty dollars, and where the same should be reduced to an amount not exceeding one hundred dollars by credits given or by the set-off or demand of the opposite party. This was a special provision applicable to actions founded upon an account, and was controlling on the question of jurisdiction. This proposition seems too obvious to require argument or illustration.

Section 5, ch. 120, was amended by ch. 30, Laws of 1870, increasing the amount over which a justice should have jurisdiction in certain classes of actions. By the first subdivision of the amendatory act, it is provided, that a justice shall have jurisdiction over actions arising or growing out of contract express or implied, wherein the debt or balance due or damages claimed shall not exceed two hundred dollars. This was in force at the time the action of attachment was commenced, and it is attempted to sustain the jurisdiction of the justice under this clause of section 5 as amended. It is said that the action in the present case was founded upon an express contract, and that the balance due does not exceed two hundred dollars, and therefore the case is embraced in this subdivision. But the difficulty with this position is, that the law of 1870 does not profess to change or do away with section 9. That section was in force, and fixed the jurisidiction of the justice in all actions

founded upon any account. This specific provision relating to that class of cases controls and governs as against the general provision in the amendatory act. This rule of construction is so well settled that it does not need the citation of authorities in its support. To uphold the jurisdiction of the justice in the present case, we must nullify section 9, which clearly applies to any action upon an account. Nor will the doctrine of *Howard v. Mansfield*, 30 Wis., 76, aid the plaintiff, as there is no ground in this case to which the reasoning there adopted can be made to apply. There it was a question whether one provision of the statute should have a liberal construction, while another was construed literally, in order to sustain the jurisdiction of the justice. Here the question is, whether a specific provision strictly applicable to this action can be disregarded and nullified by general language in another section. The rule is quite well settled that it cannot be, and that section 9, as it stood in June, 1870, fixes and determines the extent of the jurisdiction of the justice in this action.

It follows from these views, that the judgment of the circuit court must be reversed, and the cause be remanded with directions to dismiss the action.

*By the Court.*— So ordered.