Cooban vs. Bryant.   Smith vs. Bryant.

## COOBAN VS. BRYANT.   SMITH VS. BRYANT.

JURISDICTION.   (1, 2) *Justice's court: Jurisdiction of accounts.*   (3) *Jurisdiction of appellate court depends on that of the justice.*

1. In an action in justice's court for an amount less than $200, alleged to be due for commissions on sales of twelve sewing machines effected by plaintiff as defendant's agent, under a contract between them, it appeared that plaintiff had sold for defendant, under the same contract, a large number of such machines, and that payments were made by defendant to plaintiff from time to time, on account of such sales; but it did not appear that these payments were applied to extinguish any particular items of the account, or that there had been any settlement, or account stated, between the parties; and defendant claimed that certain deductions were to be made from plaintiff's commissions on account of machines returned. *Held*, that the matters of difference between the parties in the action could not be determined without considering the entire account on both sides; and, as that account was for a greater sum than $500, the justice had no jurisdiction. Tay. Stats., 1353, § 9.

2. Otherwise, if there had been any settlement of the accounts, and a balance struck; or if payments had been made, to apply on particular items or portions of the account, so as to extinguish them; or if it appeared in any manner that the commissions upon all machines sold except those mentioned in plaintiff's bill of particulars, had been adjusted between the parties.

3. On appeal from the judgment of a J. P., the appellate court acquires no jurisdiction if the subject of the action was beyond the jurisdiction of the justice.

APPEAL from the County Court of *Milwaukee* County.

Actions commenced in justice's court. The complaint of *Mrs. Cooban*, in the first named action, alleges that on or about September 3, 1870, she and defendant made an agreement whereby she was to act as agent for defendant in selling the Howe sewing machine, in consideration whereof defendant agreed to pay her "a commission of twenty per cent. on the gross amount of sales of the said Howe sewing machine made by the plaintiff, one-half of which was to be paid at the time of

sale of the said machines, and the balance in one month from the time of said sale;" that plaintiff, pursuant to said agreement, sold machines as set fortl in her account annexed; and that defendant is indebted to her in the sum of $123.60, for commissions on said sales, etc. The account or bill of particulars annexed to the complaint, consists of a statement of sales of twelve machines, made by plaintiff between June 8 and July 6, 1871, showing the amount for which each machine was sold, and the amount claimed to be due plaintiff for commission on each sale.

The answer alleges that by the agreement between the parties, the second moiety of plaintiff's commissions was to become due "when the second payment was made on each machine, by the purchaser, to the defendant;" and that "whenever any machine sold by the plaintiff was returned by the purchaser to the defendant," plaintiff was only to "receive one-fourth of the commission agreed upon as aforesaid." It further alleges that in pursuance of said agreement, plaintiff sold machines as set forth in an account annexed to the answer; that the commissions on said sales amounted to $1,186.84; that defendant had paid plaintiff at sundry times between August 26, 1870, and August 7, 1871, $1,106.37, on account of said commissions, and was now indebted to plaintiff in the sum of $80.47, as the balance due on account of said commissions, which sum defendant brought into court, etc. The account annexed to the answer showed about eighty sales made by plaintiff from time to time, between August 26, 1870, and August 26, 1871, and credited plaintiff, at the date of each sale, with the whole amount of her commission on such sale; while it debited her with various sums as "cash on commission account," under dates ranging from August 26, 1870, to July 14, 1871, and, under date of August 7, 1871, debited her with $14.18 as "three-fourths commission charged back on M. Stolz' machine, returned for nonpayment." This account does not show any balance struck before August 26, 1871, when the balance in plaintiff's favor is

stated at $80.47. Two sales mentioned in plaintiff's bill of particulars do not appear on defendant's account : one made to a Mrs. James, June 8, 1871, on which the commission claimed is $16.60, and one made to a Mrs. Lilly, July 6, 1871, on which the commission claimed is $13.00.

On the trial, plaintiff testified to all the facts alleged in the complaint, and that she never agreed with defendant to refund three-fourths of the commissions on machines sold by her that were returned. On cross examination, she was asked to state how much cash she had received from defendant since April, 1871 ; but the question was ruled out. Defendant then insisted that the justice who tried the case had no jurisdiction of it, because the amount of the original account between the parties exceeded $500 ; and he offered to prove the averments of the answer in that behalf, and that there had never been any settlement of the account between the parties. The offer was rejected, and the objection overruled.

Defendant testified to the contract of agency as stated in his answer, in respect to the time when the second moiety of commissions was to be paid, and in respect to the reduction of the commission to one-fourth where machines were returned. He also testified that a machine sold to M. Stolz by plaintiff, in June, 1871, and on which only $10 had been paid, was returned in August following, because the purchaser could not pay any more on it; and he introduced evidence tending to show that the machines sold to Mrs. James and Mrs. Lilly were not sold by plaintiff, and that the former had been returned, from inability of the purchaser to make further payments, only one dollar having been paid thereon. The other evidence was unimportant.*

---

* Defendant also testified that a machine sold by plaintiff to a Mrs. Johnson, May 31, 1871, " had not been paid for," but he did not testify that it had ever been returned. In the answer and account of defendant, plaintiff was credited with the full commission on this machine, and no claim was made for a reduction of that commission. A comparison of

The pleadings in the second case were similar to those above described; and the questions raised by the record of the trial substantially the same as in the former case, except that the amount claimed to be due the plaintiff was $76.10, while the whole amount of the commissions earned by said plaintiff under his contract of agency, as shown by the account annexed to the answer, was $560.

In each case, the plaintiff had a verdict for the amount claimed in the complaint; a new trial was denied; and defendant appealed from a judgment on the verdict.

*Davis & Flanders*, for appellant, contended that the action was clearly upon an account, and therefore governed by Tay. Stats., 1353, § 9; that even if the contract of agency was that plaintiff should receive a commission of twenty per cent. on each machine sold, that merely determined the rate of compensation for her services, and the account was like that of a laborer against his employer, for whom he had labored for a year or more at a stipulated price per day; that in such cases the laborer could not make up an account claiming that for certain days (specifying them by dates), he had never been paid

---

plaintiff's bill of particulars and defendant's account annexed to the answer, together with an examination of the evidence, shows that the only real dispute between the parties related to three items:

| | |
|---|---|
| 1. Commission claimed by plaintiff on sale to Mrs. James . . . . . . . | $16 60 |
| 2. Commission claimed by plaintiff on sale to Mrs. Lilly . . . . . . . . | 13 00 |
| 3. Amount charged back by defendant to plaintiff on account of M. Stolz' machine returned . . . . . . . . . . . . . . . . . . . . . . . | 14 18 |
| | $43 78 |
| Balance admitted by defendant to be due plaintiff . . . . . . . . . . | 80 47 |
| Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $124 25 |
| Amount claimed by plaintiff. . . . . . . . . . . . . . . . . . . . . . . . . . . | 123 60 |
| Difference . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 65 |

Some slight discrepancies between the accounts of the two parties, in respect to the exact amounts for which several sales were made and upon which commissions were calculated, fully explain this difference; those discrepancies and this difference being alike in defendant's favor.— Rep.

where the account had never been settled for any portion of the time of employment (*Ward v. Ingraham*, 1 E. D. Smith, 538; *Glackin v. Zeller*, 52 Barb., 147; *Griffen v. Brown*, 53 id., 428); and that the court therefore erred in rejecting the evidence offered by defendant to show the real extent and amount of the account between the parties. *Nimmick v. Matthiessen*, 32 Wis., 324; *Van Patten v. Wilcox*, id., 341.

*James McAllister*, for respondent, argued that the statement attached to the complaint, of all the machines sold under plaintiff's contract of agency upon which unpaid commissions are claimed, concedes a settlement of all other and previous transactions; that as defendant took issue upon this statement, without alleging that an examination of other or of all matters of account between the parties was necessary in order to ascertain the balance due (*Barker v. Baxter*, 1 Pin. Wis., 407), the pleading showed a settlement of all matters not included in the complaint, as valid and effectual as if made by express agreement; and that by the statute a justice has jurisdiction where the *plaintiff's* account, proved to the justice's satisfaction, does not exceed $500, and has been reduced to $200 by credits or setoffs.  2. But if a settlement is not conceded, still, " whatever has been received or applied specifically as *payment* will be rejected, and the balance only will constitute an account within the statute." *Lamoure v. Caryl*, 4 Denio, 370; *Abernathy v. Abernathy*, 2 Cow., 416; *Matteson v. Bloomfield*, 10 Wend., 555.  3. A bill of particulars notifies the party of the specific demands made against him, and is considered and construed as an amplification of the pleading; and issue joined upon it alone limits the testimony to the items therein contained, and excludes proof of all other matters not so stated.  2 Wait's Pr., 352; *Bowman v. Earle*, 3 Duer, 691; *Chrysler v. James*, 1 Hill, 214; *Brown v. Williams*, 4 Wend., 360, 368; *Starkweather v. Kittle*, 17 id., 20.

COLE, J.  It seems to us quite impossible to distinguish

these cases in principle from *Nimmick v. Mathiesson*, 32 Wis., 324. Commissions were paid by the defendant from time to time, generally upon each account, but do not seem to have been applied to the extinguishment of any particular items or portions of the account; and there has been no settlement or account stated between the parties. Now, in order to ascertain the sum due each plaintiff, it seems to us it is necessary to consider the entire amount of sales made by such party, deducting from the commissions the payments made by the defendant. Besides payments made, the defendant insists that certain deductions should be made from the commissions in each case on machines which were returned by the purchaser, and upon which the agreement was, that only one-fourth of the commission should be paid. But we do not well understand how it is possible to adjust the matters in difference between the parties without considering the entire accounts on both sides. If there had been any settlement of the accounts, and a balance struck; or if payments had been made, to apply upon particular items or portions of the account, so as to extinguish them; or, what amounts to the same thing, if it appeared that the commissions upon all machines sold, except the particular ones mentioned in the bill of particulars, had been adjusted between the parties, then it might not be necessary to go over with those portions of the account thus settled. But such is not the state of the accounts. The accounts are unsettled. No balance has been stated or agreed upon; and we are at a loss to know upon what principle the plaintiffs are entitled to select a machine here and another there in the account, and sue for the commissions due upon those machines, without regard to the residue of the account. The complaints allege that the defendant agreed to pay "a commission of twenty per cent. on the gross amount of sales" of the machines; and, as there had been no adjustment of the accounts, it was necessary to ascertain the amount of sales made, in other words, to go over the accounts on both sides. This judicial investiga-

tion required the examination of an account exceeding the jurisdiction of a justice of the peace. *Nimmick v. Mathiesson*, *supra*. Section 9, ch. 120, R. S., as amended by ch. 142, Laws of 1871, provides that a justice shall have jurisdiction of actions founded on any account when the amount of the plaintiff's account, proved to the satisfaction of the justice, shall not exceed five hundred dollars, and when the same shall be reduced to an amount not exceeding two hundred dollars by credits given or by the setoff or demand of the opposite party. In each of these cases the amount of the commissions on the sales made by plaintiff exceeded five hundred dollars. The amount of such commissions clearly constituted the account upon which the action was founded. The plaintiffs had no right to bring suit on a portion of the account, and restrict all judicial inquiry to such portion of the account, without regard to the residue. For the whole account was unadjusted between the parties; and, in order to ascertain the amount due, the whole account had to be considered and examined.

It is said by the counsel for the plaintiffs, that the courts of New York have decided, under a similar statute, that whatever has been received or applied specifically as payment would be rejected, and the balance only would constitute the claim, demand or account, within the statute. *Abernathy v. Abernathy*, 2 Cowen, 416; *Matterson v. Bloomfield*, 10 Wend., 555; *Lamoure v. Caryl*, 4 Denio, 370. But here it does not appear that the payments or moneys advanced by the defendant were specifically applied, but they were entirely matters of account or offset. And the whole account of plaintiffs for their commissions is still open and unadjusted. The cases, as it seems to us, fall fully within the reasoning and principle of *Nimmick v. Mathiesson*, and must be controlled by the decision there made. The objection was taken in each case, that the justice had no jurisdiction because the plaintiff's account for commissions under the agreement exceeded five hundred dollars; but the objection was overruled by the county court.

Of course, if the justice had no jurisdiction, the county court acquired none by the appeal. The objection should have been sustained, and the causes dismissed, for the reasons above given.

*By the Court.* — The judgment of the county court in each case is reversed, and the causes remanded with directions to dismiss the complaints.