### FRENCH vs. KEATOR and another.

*January 15 — February 8, 1881.*

COSTS.   *Action on account; whether justice's court could have taken jurisdiction.*

Action brought in the circuit court for a balance of less than $500, alleged to be due plaintiff from defendants on an account for work done and moneys advanced.   Defendants answered a general denial, and an allegation of full payment of all claims of plaintiff against them.   The pleadings and the report of the referee for trial show that plaintiff's total account was for over $700.   *Held*, that, as the answer put the whole account in issue, a justice's court would not have had jurisdiction, and plaintiff, on recovering judgment, was entitled to full costs, although defendants, at the trial, admitted more than half the account.

APPEAL from the Circuit Court for *Clark* County.

The case is thus stated by Mr. Justice TAYLOR:

" This action was brought in the circuit court to recover an alleged balance due to the plaintiff from the defendants, upon an account for work and labor, cash expenses, and money paid at the request of defendants.   The complaint was not verified. The cause was referred to a referee for trial.   The referee reported that the defendants were indebted to the plaintiff for a balance due them on account of $93.35, and stated the account between the parties as follows:

| | |
|---|---:|
| Services of plaintiff one year, at $50 per month, during 1874 and April, 1875.......................................................... | $600 00 |
| To 4 days' driving, at $6 per day................................. | 24 00 |
| To 2 months' labor in woods, fall of 1875, at $50 per month....... | 100 00 |
| To Johnson & Myers' account (admitted)......................... | 2 00 |
| To Fred. Sheldon's account (admitted)........................... | 4 90 |
| To cash paid for expenses, 1874 and 1875 (admitted)............. | 40 00 |
| Total plaintiff's account against defendants.............. | $770 90 |
| Defendant's account as rendered, less $1, mistake in Chandler and Brown item No. 4...................................... | 694 70 |
| Balance due plaintiff, less interest...................... | $75 20 |
| Interest on $75.20 from September 2, 1875, as demanded.......... | 18 15 |
| | $93 35 |

French vs. Keator and another.

"For this sum the plaintiff had judgment, and also for the costs of the action. The defendants appealed from so much of the judgment as gives the plaintiff costs."

The cause was submitted on the brief of *James O'Neill* for the appellants, and that of *Johnson & Ainsworth* for the respondent.

TAYLOR, J. Whether the plaintiff was entitled to costs depends upon the question whether a justice's court would have had jurisdiction to try the action. We think it very clear, from the findings of the referee, from the plaintiff's complaint, and the defendants' answer, that a justice's court would not have had jurisdiction of the action. By the bill of particulars of the plaintiff's claim, filed in the action, he claimed $784, and credited the defendants with $463.75, claiming a balance due him of $320.25. The answer of the defendants was a general denial, and a further answer as follows: "Defendants, further answering, aver that prior to the commencement of this action said defendants had fully paid and discharged any and all claims which this plaintiff had against these defendants." Upon the pleadings and answer, and from the report of the referee, we think it very clear that the action involved the examination of an account on the part of the plaintiff exceeding $500, and that, consequently, a justice's court would have had no jurisdiction of the action, under the provisions of subdivision 4 of section 3572, R. S. The general denial put the plaintiff to the proof of his entire claim, and, as the report of the referee shows that his claim amounted to more than $500, a justice's court would have had no jurisdiction. We do not think the nature of the case was changed by the fact that on the trial the defendants admitted that a very large part of the plaintiff's claim was correct. The answer having put the whole of the plaintiff's account in issue, he was bound to come to trial prepared to prove the whole, and the fact that he proved it by the admission of the defendants

is immaterial. The plaintiff was compelled to prove the whole claim, and the court had to find from the evidence that the whole was proved; and, that whole exceeding $500, a justice's court would have no jurisdiction of the action. What would have been the rights of the parties as to costs in this action if the defendants, by their answer, had admitted all the plaintiff's claim except certain specific items, which amounted in all to less than $500, it is unnecessary to decide in this case.

That the plaintiff's claim, as reported by the referee, was an account, within the meaning of the statute above quoted, is, we think, clearly established by the following decisions of this court: *Cooban v. Bryant*, 36 Wis., 605; *Nimmick v. Mathiesson*, 32 Wis., 324; *Van Patten v. Wilcox*, 32 Wis., 340; *Henckel v. Wheeler & Wilson Manuf'g Co., post; Barker v. Baxter*, 1 Pin., 407.

*By the Court.*— That part of the judgment of the circuit court appealed from, is affirmed.