Henckel vs. The Wheeler & Wilson Manufacturing Co.

## HENCKEL vs. THE WHEELER & WILSON MANUFACTURING COMPANY.

*December 23, 1880 — March 2, 1881.*

JURISDICTION: *(1) Of Justice's Court. (2) Of Circuit Court on appeal.*

1. Complaint in justice's court for commissions amounting to $200 on sales of sewing machines. Proof, that, by the contract on which the commissions were earned, they amounted to over $1,200, of which over $1,100 had been paid, and that there had never been a settlement of the account or balance struck by the parties. *Held*, that the justice had no jurisdiction.
2. Want of jurisdiction of the subject matter cannot be waived by consent of the parties; and an appeal from the judgment in such a case confers no jurisdiction on the circuit court.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was commenced in justice's court; was taken by appeal of plaintiff to the county court; and was afterwards removed to the circuit court, where judgment was rendered in plaintiff's favor. At the commencement of the trial in the circuit court, before a referee, the defendant objected to the admission of any evidence under the complaint, on the ground that the court had no jurisdiction; and on the motion to confirm the referee's report, defendant insisted upon this objection. After the judgment was rendered, defendant moved for a new trial, but the motion was denied; and he appealed from the judgment.

For the appellant there were briefs by *Henry J. Gerpheide,* and a separate brief by *T. W. Saunders,* and oral argument by *Mr. Saunders.*

*H. E. Connit,* for the respondent.

The following opinion was filed January 11, 1881:

COLE, C. J. There was an incurable defect in the jurisdiction of the justice in this case, under the decisions in *Nimmick v. Mathiesson,* 32 Wis., 324, and *Cooban v. Bryant,* 36

Wis., 605. The cause of action stated in the amended complaint filed before the justice was for commissions on sixty sewing machines sold by the plaintiff for the defendant, amounting to $200, for which sum judgment was claimed. These commissions were earned upon contracts sworn to or introduced on the trial by the plaintiff, from which it appeared that he was allowed on each machine sold at regular retail rates, $20 or upwards. The commissions earned for machines sold under these contracts amounted to more than $1,200, of which sum the plaintiff admitted that more than $1,100 had been paid. It was not pretended that there had ever been a settlement of the accounts between the parties, and a balance struck. Consequently, in order to ascertain the amount due the plaintiff, it was necessary to investigate the entire accounts on both sides, including sales made and commissions paid. It is obvious that such an investigation required the examination of an account exceeding the jurisdiction of the justice, under the rulings in the above cases. But, as the amount of commissions on each machine sold was not stated in the complaint, it was suggested on the argument that the presumption was that the entire commissions on the sixty machines sold would not involve the investigation of an account on both sides exceeding the jurisdiction of the justice.

There does not seem to have been any amendment of the complaint in this regard in the appellate court, but the cause was tried by the referee on substantially the same pleadings filed before the justice. The referee went into a full examination of the accounts on both sides, finding from the evidence that the commissions earned by the plaintiff under the contracts amounted·to the sum of $1,225.21, upon which had been paid the sum of $1,131.57. This shows very plainly what must have been the nature and extent of the judicial inquiry before the justice, and establishes beyond question the fact that there was an essential defect of jurisdiction arising from the subject matter of the controversy.

The learned counsel for the plaintiff called attention to a stipulation which was entered into by the attorneys of the respective parties before the justice, in which the defendant waived all objections to the jurisdiction of the court on the ground that the account sued on was in excess of $500. But the learned counsel is quite too intelligent to seriously insist that such a stipulation could confer jurisdiction upon a justice to examine an account exceeding the amount prescribed by statute; for the doctrine is elementary, that while consent will give jurisdiction of the person, it will not of the subject matter. It was attempted also to support the judgment on the theory that the trial before the justice was in the nature of an arbitration, and that the judgment was by confession. But that view is clearly untenable upon the facts. The record shows that an appeal was taken from the judgment of the justice, and that the cause was tried *de novo* before the referee. This is inconsistent with the idea that the justice acted as arbitrator in the matter. If the justice had no jurisdiction of the subject matter of the action, it follows that neither the county nor circuit court could acquire jurisdiction by the appeal.

*By the Court.*— The judgment of the circuit court is reversed.

A motion for a rehearing was denied March 2, 1881.