**SELLERS, Respondent, vs. LAMPMAN, Appellant.**

*April 10 — April 28, 1885.*

*Justices' courts — Appeal — Trial de novo — Jurisdiction — Amount involved.*

1. The minutes of a justice of the peace cannot be referred to, in a case triable *de novo* on appeal, to ascertain whether the amount in controversy exceeded his jurisdiction. That fact should appear by certificate of the justice.
2. Where upon appeal from a justice the pleadings are amended so as to admit evidence of an account or claim exceeding the justice's jurisdiction, proof of such an account or claim on the new trial will not show that the justice did not have jurisdiction when the cause was before him.

Sellers vs. Lampman.

APPEAL from the Circuit Court for *Portage* County.

This action was commenced before a justice of the peace. The complaint is for a balance of account for goods sold, for labor and services, and for moneys had and received, paid, laid out, and expended. Judgment is demanded for $200. No dates or specific amounts are given. The answer is a general denial, payment, and settlement in 1870, showing a balance due the defendant of $6.75. The answer also contains a counterclaim for goods sold and delivered, for work and labor, and board, to the amount of $400, and a demand of judgment for $200. No items of account were filed by either party. A trial was had, which resulted in a verdict and judgment for the plaintiff for $121.44 damages, and for costs. The defendant appealed to the circuit court. The cause was tried in that court before a referee, who found a balance due the plaintiff of $146.40, and on motion the report was confirmed, and judgment rendered for the plaintiff for that sum. From that judgment the defendant has appealed to this court.

For the appellant there was a brief by *Raymond & Haseltine*, and oral argument by *Mr. Haseltine.*

For the respondent the cause was submitted on the brief of *G. W. Cate.*

LYON, J. The only reason assigned for a reversal of the judgment of the circuit court is that the justice had no jurisdiction of the action, because the amount of the plaintiff's account exceeded $500, and because the amount due the plaintiff, at the time of the trial before the justice, exceeded $200. R. S. sec. 3572, subd. 4. These sums are, respectively, the maximum limits of a justice's jurisdiction. The statute confers such jurisdiction in " actions founded on any account, when the amount of the plaintiff's account, proven to the satisfaction of the justice, shall not exceed five hundred dollars, and when the same shall be reduced

to an amount not exceeding two hundred dollars, by credits given, or by the setoff or demand of the opposite party." It was contended on the argument that the testimony taken before the justice, and returned by him to the circuit court, showed that the plaintiff's account in suit amounted to more than $500, and that the balance due thereon exceeded $200. We do not think that we can properly refer to the justice's minutes of testimony, returned on an appeal, for the purpose of ascertaining the fact, in a case triable *de novo* in the circuit court on appeal. This is such a case. In a case not so triable, as a matter of course it must be determined upon the testimony returned by the justice. But, in an action so triable, the justice should be required to certify what amount was proved on the trial to his satisfaction, and the amount it was reduced by credits given, or by the setoff or demand of the defendant. Certainly, the complaint in this case does not show any want of jurisdiction, and the justice has made no such certificate. On the contrary, at the close of the testimony the defendant moved to dismiss the cause, for the reason, as we understand, that the plaintiff's account, or the balance due thereon, proved on the trial, exceeded the jurisdiction of the justice. This motion was overruled. The fair inference therefrom is that the amount of the plaintiff's account, proved to the satisfaction of the justice, did not exceed $500, and that it was reduced, as specified in the statute, to a sum not exceeding $200. We find nothing in the return of the justice showing a want of jurisdiction in him to try and determine the case.

Was anything disclosed on the trial before the referee which showed such want of jurisdiction? We think not. It has already been stated that the pleadings consisted of the common counts alone. In the circuit court each party was allowed to amend so as to claim damages to the amount of $1,000. Under the amended pleadings it was undoubtedly competent for either party to give evidence of an ac-

count far in excess of a justice's jurisdiction. Did this record show that the plaintiffs proved an account in excess of $500, or a balance due him exceeding $200, it would still fail to show that any such proof was made on the trial before the justice. In this respect the case is unlike the cases of *Nimmick v. Mathiesson*, 32 Wis. 324; *Cooban v. Bryant*, 36 Wis. 605; *Henckel v. W. & W. Manuf'g Co.* 51 Wis. 363. In each of these cases the want of jurisdiction appeared, either in the record proper or by the proofs in the appellate court on the same pleadings interposed before the justice.

But it does not appear in this case that the plaintiff proved an account or a balance due him in excess of a justice's jurisdiction. The referee stated an account showing that the plaintiff's account proved before him amounted to only $275.10, and that of the defendant to $128.70. The balance is the amount of the judgment recovered by the plaintiff in the circuit court. Hence, if resort could be had to the trial in the circuit court (or, what is the same thing, to the trial before the referee), the only inference that could be drawn therefrom would be that the plaintiff's account proved before the justice was far less than $500, and the balance due him was far less than $200.

In any view we are able to take of the case, we think the record fails to show any want of jurisdiction in the justice. Many cases in this court are cited in the briefs of counsel, but none of them are in conflict with the views here expressed. It would be profitless to attempt a review of them.

*By the Court.*— The judgment of the circuit court is affirmed.