Mathews vs. Ripley.

MATHEWS, Plaintiff in error, vs. RIPLEY, Defendant in error.

*October 13 — November 1, 1898.*

### Justices' courts: Jurisdiction: Presumption.

In an action commenced in justice's court to recover on contract, and carried by appeal from a judgment in plaintiff's favor to the circuit court, there tried *de novo*, and then carried to the supreme court on writ of error to review the judgment of the circuit court on the question of whether the amount of plaintiff's claim, debt, or account exceeded the justice's jurisdiction, in the absence of a bill of exceptions showing the amount of the account or debt of the plaintiff as established in justice's court, it will be presumed that it was within the jurisdiction of the justice.

[Syllabus by MARSHALL, J.]

ERROR to review a judgment of the circuit court for Richland county: GEO. CLEMENTSON, Circuit Judge. *Affirmed.*

The action was commenced by *Ripley* against *Mathews* in justice's court. The complaint was for $185 due on a written contract originally calling for $385. Defendant by answer counterclaimed for various items of alleged indebtedness, not constituting an account or having any connection with plaintiff's cause of action, aggregating $380.99. It is claimed that plaintiff replied alleging payment and setting forth various items of alleged indebtedness not having any connection with his original cause of action, and demanding that the amount due therefor should be set off against any claim established by the defendant. From a judgment in the plaintiff's favor for $117.25 and costs, defendant appealed to the circuit court. In that court defendant moved for a dismissal of the action on the ground that the justice did not have jurisdiction to try the cause and enter judgment because of the amount of plaintiff's claim. The motion was denied. Thereupon a trial was had, resulting in a judgment in plaintiff's favor for $185 and costs. That judg-

ment and the record on which it is based were certified to this court for review pursuant to a writ of error.

For the plaintiff in error there were briefs by *A. C. Eastland*, attorney, and *Richmond, Smith & Lincoln*, of counsel, and oral argument by *J. B. Smith*.

*F. W. Burnham*, for the defendant in error.

MARSHALL, J.　Did the justice have jurisdiction to render judgment? That is the sole question in the controversy, and it must be determined from the record as it comes to this court. The cause having been appealed to, and tried in, the circuit court, *de novo*, there being no bill of exceptions, the extent of plaintiff's claim as established in justice's court is not disclosed. We can only look to the pleadings returned from that court to determine the question presented, for the justice's minutes and docket entries are not a part of the record on which the judgment appealed from is based. *Sellers v. Lampman*, 63 Wis. 256.

The provisions of the statute by which the jurisdiction of the justice must be tested, in any view of it, are subd. 1, 4, sec. 3572, R. S. 1878, which are as follows: "Every justice of the peace shall have jurisdiction over and cognizance of . . . actions arising or growing out of contract, express or implied, wherein the debt or balance due or damages claimed shall not exceed two hundred dollars;" and "actions founded on any account, when the plaintiff's account, proven to the satisfaction of the justice, shall not exceed five hundred dollars, and when the same shall be reduced to an amount not exceeding two hundred dollars by credits given, or by the setoff or demand of the opposite party." It will be noticed that the test is not the amount of the debt or account claimed, but it is the amount of the debt due or account proved to the satisfaction of the justice. What that was we have no legitimate way of knowing. Up to the point of determining the facts in that regard, the justice's

jurisdiction was clear. If there is any inference to be indulged in independent of the record, as said in *Sellers v. Lampman, supra,* it is that the facts disclosed in the justice's court established jurisdiction there, because appellants recognized it by appealing from the judgment instead of challenging the right to render it by writ of *certiorari.* Evidence may have been produced in the circuit court throwing light on the question, but, looking to the record alone, we see only a judgment of $185, which was within the jurisdiction of the justice, and pleadings upon which the judgment may properly rest. That result might reasonably have been reached without proof establishing a debt due plaintiff exceeding $200 or an account exceeding $500.

The question is not presented here as in *Cooban v. Bryant,* 36 Wis. 605, and *Henckel v. Wheeler & W. Mfg. Co.* 51 Wis. 363. Those cases were taken to the circuit court by appeal and a trial had *de novo* as in this case, but on the review in this court in each case there was a bill of exceptions wherein the evidence was preserved, showing the extent of the debt or account as it existed and was established in the justice's court. Nothing appears in the record before us impeaching the justice's jurisdiction.

*By the Court.*— The judgment of the circuit court is affirmed.