Martin vs. Eastman.

---

Martin, Respondent, vs. Eastman, Appellant.

*February 4 — February 26, 1901.*

(1, 2) *Justices' courts: Appeal: Jurisdiction: Counterclaim.* (3–6) *Sales: Evidence: Election of remedies: Warranties: Issues: Special verdict.*

1. If a justice of the peace has no jurisdiction of the subject matter to render a judgment, the circuit court obtains no jurisdiction by virtue of an appeal from such judgment.

2. The interposition of a counterclaim under sec. 3626, Stats. 1898, for an amount in excess of the jurisdiction of the justice, does not

oust the justice of jurisdiction, but the counterclaim may properly be stricken out.

3. In an action to recover the contract price of a heating plant, when defendant was asked to state its value, the court expressed a doubt as to his competency to give an opinion, he not being shown to be an expert. Thereupon he was asked whether as a heating apparatus it had any value to him, and he replied that it had no value to him for any purpose. *Held*, that there was no error prejudicial to defendant.

4. The statement of a witness who had testified to a conversation in his presence between the parties, that he had been under an impression, at some time, that he heard the plaintiff or the defendant say that a certain sum had been paid on the contract in suit, is too indefinite to render its exclusion error.

5. In an action to recover for a heating plant, where defendant had counterclaimed for the amount he claimed to have paid thereon, he was properly required, at the close of the testimony, to elect whether his claim would be for a breach of warranty or a rescission of the contract.

6. The complaint in such case alleged sale and delivery of a furnace and a certain amount of piping and radiation previously selected and designed by defendant. Defendant, by way of answer and counterclaim, set up an express warranty to heat the house, and a breach thereof. This was denied in the reply. Upon the trial of such issue plaintiff's evidence tended to show an express refusal to warrant, and the jury found that there was no warranty. *Held*, that defendant was not in a position to claim error for failure to submit to the jury the question of an implied warranty of suitableness.

APPEAL from a judgment of the circuit court for Iowa county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

For the appellant there were briefs by *Spensley & McIllon*, and oral argument by *Calvert Spensley*.

*E. C. Fiedler*, for the respondent.

CASSODAY, C. J. This action was commenced in a justice's court to recover $156.32, and interest from January 1, 1895, as the balance due the plaintiff for the erection and construction of a hot-water heating plant for the defendant, at his instance and request, and certain items of extras to the

amount of $25. The defendant answered by way of admitting such amount for extras to the extent of $21.32, and denials and counter allegations as to the balance, to the effect that he had paid thereon $275, and also alleged, by way of a counterclaim, in effect, that the defendant agreed and warranted that such heating plant would be free of all mechanical defects, and a first-class job as to labor and materials, and of such capacity, when put in according to the agreement, as to heat all the rooms in the defendant's residence in which radiation should be placed to the temperature of 70° Fahrenheit in the coldest weather, and for which the defendant was to pay $335, the price alleged in the complaint; that the plaintiff's firm utterly failed to comply with such contract and warranty, and that the heating plant was of no value whatever; that the defendant notified the plaintiff's firm of such failure during each of the six preceding years, and demanded that they remove such heating plant or make it comply with the warranty; and claimed $275 damages by reason of the breach of such warranty, for which sum, less the $21.32, admitted, to wit, the sum of $253.68, the defendant prayed judgment. The plaintiff demurred to such counterclaim for insufficiency, and also moved to strike out such counterclaim, for the reason that it was beyond the jurisdiction of the justice, which motion was granted. The defendant thereupon declined to further appear before the justice, and thereupon, and on proofs made on August 21, 1899, the justice rendered judgment in favor of the plaintiff, and against the defendant, for $196.32, damages and costs. From that judgment the defendant appealed to the circuit court. That court refused to grant the defendant's motion to strike the cause from the calendar and dismiss the action on the ground that the justice had lost jurisdiction by the interposition of the counterclaim and hence that the circuit court got no jurisdiction. The circuit court, on the defendant's

motion, thereupon ordered such counterclaim to be reinstated, and that the plaintiff be permitted to reply to the same, which things were done accordingly.

The cause was tried upon such issues, and at the close of the trial the jury returned a special verdict (the first, second, and eighth answers being by the direction of the court), to the effect (1) that the plaintiff did contract to put into the defendant's house in the fall of 1893 a hot-water heating plant for $335, and the defendant agreed to pay that price for such plant; (2) that the defendant paid to the plaintiff, after such plant was put in, to wit, January 3, 1894, the sum of $200 on such contract; (3) that the defendant did not pay to the plaintiff on such contract $75 in the fall of 1893; (4) that the plaintiff did not warrant such heating plant; (8) that the defendant owed the plaintiff on account $21; (9) that at or about the time this action was commenced the plaintiff requested the defendant to pay him the balance due on the contract. Thereupon, and in pursuance of the order of the court, judgment was rendered in favor of the plaintiff on such special verdict for $194.40 damages and $39.04 costs. From that judgment the defendant brings this appeal.

1. Counsel for the defendant is undoubtedly correct in claiming that, if the justice had no jurisdiction of the subject matter to render the judgment, then that the circuit court got no jurisdiction by virtue of the appeal. *Cooban v. Bryant*, 36 Wis. 605; *Henckel v. Wheeler & W. Mfg. Co.* 51 Wis. 363, distinguished in *Mathews v. Ripley*, 101 Wis. 100, 102. There is no claim that the justice did not have jurisdiction of the plaintiff's cause of action. Since the justice had jurisdiction of that cause of action, the simple question presented is whether the justice was ousted of such jurisdiction by the defendant's interposition of a counterclaim for an amount beyond the jurisdiction of the justice. The justice only had such jurisdiction as was given him by stat-

Martin vs. Eastman.

ate. By virtue of the statute, he had jurisdiction to the amount of $200. Sec. 3572, Stats. 1898. Had the plaintiff's claim exceeded that amount, the justice would necessarily have been precluded from taking jurisdiction. *Id.* We perceive no reason why the defendant is not subject to the same limitation. True, another section of the statute authorized the defendant, by way of answer, to allege facts constituting a counterclaim as well as a defense. Subd. 4, sec. 3626, Stats. 1898. But that section must be construed with the other, limiting the jurisdiction as mentioned. As stated by counsel for the defendant, "the counterclaim is, in substance, an action by the defendant against the plaintiff." For that reason, the justice was precluded from taking jurisdiction of the defendant's counterclaim for more than $200. It follows that such counterclaim was properly stricken out by the justice.

2. Error is assigned because the court refused to permit the defendant to state what the value of the heating plant was. Upon being asked its value, the court merely expressed a doubt as to the defendant's competency to state the value, as it had not been shown that he was an expert on that question. Thereupon the defendant was asked by his counsel whether, as a heating apparatus, the furnace was of any value to him, and he answered, "No," and that it had no value to him "for any purpose." Certainly, this does not present any reversible error.

3. Error is assigned because the defendant's witness Penhallegon was permitted to state, on cross-examination, that it was worth $425 to put in the kind and style of heating plant that he had figured on as a job for the defendant, and that he had told the defendant what he would do the job for and given him prices. This appears to have been legitimate cross-examination.

4. Error is assigned because the court refused to permit the witness Hutchinson to testify that the plaintiff, in his

Martin vs. Eastman.

presence, acknowledged that the defendant had paid him $75. The difficulty seems to have been in the defective memory of the witness. He was allowed a considerable latitude, but was unable to say that he had heard such acknowledgment or any express or implied admission of such payment, but did say that he had been under an impression, at some time, that he heard the plaintiff *or* the defendant say that $275 had been paid. If the plaintiff made or acquiesced in any such statement, it would have been competent; but if the defendant made any such statement in the absence of the plaintiff, it would have been incompetent. We cannot hold that there was any reversible error in excluding it.

5. Certainly there was no error in requiring the defendant, at the close of the testimony, to elect whether his claim in this case would be for a breach of warranty or a rescission of the contract. *Park v. Richardson & B. Co.* 81 Wis. 399; *McLennan v. Prentice,* 85 Wis. 427. The defendant could not at the same time affirm and disaffirm the contract. *Id.*

6. Error is assigned because the court refused to submit to the jury two questions requested, as to whether the heating plant was sold to the defendant for the particular purpose of heating his residence for dwelling purposes, and whether it was reasonably fit and sufficient for such purpose. The complaint expressly alleged that the furnace, and a certain amount of piping and radiation which the defendant had previously selected and designed, were sold and delivered to the defendant. The evidence on the part of the plaintiff tended to prove that such sale and delivery were made without any warranty, and with an express refusal to warrant. The defendant, by way of answer and counterclaim, denied such allegations, and alleged the express agreement and warranty referred to in the statement of facts. As indicated, the jury found that there was no war-

ranty. Having gone to trial upon the direct issue thus expressly made, the defendant is in no position to successfully claim error for failure to submit to the jury the question of such implied warranty. *Milwaukee B. Co. v. Duncan,* 87 Wis. 124, 125, and cases there cited; *J. I. Case P. Works v. Niles & Scott Co.* 90 Wis. 602, 603; *T. B. Scott Lumber Co. v. Hafner-Lothman Mfg. Co.* 91 Wis. 672, 673. The jury found, in effect, that the defendant got just what he bargained for, and without any warranty. We must hold that such findings are supported by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.