FROELICH, Respondent, vs. CHRISTIE, Appellant.

*October 23—November 11, 1902.*

*Justices' courts: Jurisdiction: Contracts: "Balance due": Burden of proof.*

1. The words "balance due" in subd. 1, sec. 3572, Stats. 1898, mean merely the remainder after deducting proper credits, and not necessarily a balance agreed upon by the parties.
2. Where the terms of the contract under which plaintiff claims are in dispute, although it is conceded that if the contract was as claimed by plaintiff it had been fully performed, the burden of showing complete performance of the contract is upon the plaintiff.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Reversed.*

This action was commenced before a justice of the peace to recover $157.60 as the balance due the plaintiff for cutting, skidding, and hauling 2,960 logs, scaled at 151,420 feet, at the agreed price of $2.75 per 1,000 feet, amounting in all to $416.40, which the defendant had promised to pay therefor, but no part of which had been paid except $258.80, leaving a balance of $157.60, for which the complaint demands judgment. The answer consists of a general denial, and, as a separate defense, alleges, in effect, that such cutting, skid-

ding, and hauling was under a contract entered into between the plaintiff and defendant in October, 1900, by the terms of which the plaintiff was, during the logging season of 1900–1901, to log off all the standing timber and windfalls on 240 acres of land described, for which the defendant was to pay him, when completed to the satisfaction of the R. Conner Company,—the owner thereof,—$2.75 per 1,000 feet, after deducting all labor claims which might be paid by the defendant, if any; that the plaintiff had failed and neglected to log off all the standing timber and windfalls, and had failed to complete the job to the satisfaction of the R. Conner Company, but had left a large and substantial part thereof uncompleted; that after examination of the premises the R. Conner Company refused to accept the job, by reason of such failure to complete the same; that the defendant had fully performed all the conditions of the contract on his part, and was willing and ready to pay the plaintiff whenever he completed the job according to the contract.

The plaintiff recovered judgment before the justice, and the defendant appealed to the circuit court, where the cause was retried. It appeared on the trial, and is undisputed, that there is a creek running through the land in a northerly and southerly direction. At the close of all the testimony the trial court found from the undisputed evidence, as a matter of law, in effect: (1) That the plaintiff and defendant entered into a contract in the fall of 1900, "whereby the plaintiff was to log off certain timber on section 10," in which section the land in question was located; (3) that the plaintiff was "to complete the contract on his part before anything was due him thereunder, except advances for labor and supplies;" and (4) that the plaintiff did not "log off the timber on the east side of the creek." The jury returned a special verdict, which included the three questions so answered by the court; and the jury therein also found, as matters of fact, in effect: (2) That the contract did not include the timber on the east

side of the creek; (6) that the contract was not to be accepted by the R. Conner Company; (8) but that it was accepted by that company; and (9) that they assessed the plaintiff's damages at $164.68, the same being the $157.60 claimed in the complaint and interest. From the judgment entered upon such findings, for the amount so found due and costs, the defendant appeals.

For the appellant there was a brief by *J. R. & C. R. Sturdevant,* and oral argument by *J. R. Sturdevant.* As to the burden of proof, they cited 5 Am. & Eng. Ency. of Law (2d ed.) 27; *Homire v. Rodgers,* 74 Iowa 395, 37 N. W. 972; *McEvoy v. Swayze,* 34 Neb. 315, 51 N. W. 824; *Connolly v. Clark,* 45 N. Y. Supp. 1042; *Atkinson v. Goodrich T. Co.* 69 Wis. 5.

For the respondent there was a brief by *Marsh & Tucker,* and oral argument by *S. M. Marsh.* To the point that the burden rested upon defendant to show that the timber on the east side of the creek was to be cut and hauled, and the job accepted by the Conner Co., before anything became due, they cited Jones, Evidence, § 178; *Goff v. Stoughton Bank,* 78 Wis. 106; *Gile v. Sawtelle,* 94 Me. 46, 46 Atl. 786; *Hunter v. Sanders,* 113 Ga. 140, 38 S. E. 406; *Rivers v. Obear, Nestor G. Co.* 81 Mo. App. 374.

CASSODAY, C. J. The contention that the plaintiff's claim exceeded the jurisdiction of the justice is without merit. The logs were scaled by the defendant's scaler. The defendant admitted upon the trial that the scale made by his scaler was correct. The plaintiff adopted that scale, and the amount alleged in the complaint and claimed by the plaintiff is according to the scale so made by the defendant's scaler. The facts stated bring the case within the statute which declares that every justice of the peace shall have jurisdiction of "actions arising or growing out of contract, express or implied, wherein the debt or *balance due* or damages claimed

shall not exceed $200." Subd. 1, sec. 3572, Stats. 1898. As recently held by this court, the term "balance due," as thus used, "does not necessarily mean a balance agreed upon, so that the action cannot be maintained unless there had been such an agreement, but merely means the remainder after deducting proper credits." *Prairie Grove C. M. Co. v. Luder, ante,* p. 20, 90 N. W. 1085. See, also, *Marlin v. Eastman,* 109 Wis. 289, 290, 85 N. W. 359. We must hold that the justice had jurisdiction of the cause, and that the circuit court acquired jurisdiction by the appeal.

2. The principal controversy was as to whether the contract included the timber on the east side of the creek. The jury found that it did not. Error is assigned because the court refused to change the answer of the jury from the negative to an affirmative. But the evidence of the plaintiff tended to support such finding of the jury, notwithstanding the evidence on the part of the defendant was to the contrary. There was no error in refusing to make such change. The same is true as to the refusal of the court to change the answer of the jury to the sixth question from the negative to the affirmative. The evidence was contradictory as to whether the contract was to be accepted by the R. Conner Company or not, and hence that question was for the jury to determine.

3. It is claimed that there was error in charging the jury as to the burden of proof. The court was requested to instruct the jury on that subject. The defendant claimed that the burden of proof was on the plaintiff as to all material questions in the case. The plaintiff claimed that the burden of proof was on the defendant as to whether the contract included the timber on the east side of the creek and as to whether the plaintiff had failed to perform the contract. After hearing such claims, the court charged the jury as follows: "The court concludes to say that the burden is not on either party as to any of these questions; that you are to

answer these questions according to the facts,—according to the weight of the evidence. The burden is on neither party." While the plaintiff's cause of action is based upon contract, yet his complaint fails to allege the terms of the contract. The answer contains a general denial. It also alleges, by way of a separate defense, that the services of the plaintiff were rendered under a special contract which the plaintiff had failed to perform, as indicated in the statement of facts. The plaintiff was a witness in his own behalf, and testified to the effect that the services for which he claimed judgment were under a contract with the defendant for cutting, skidding, and hauling what logs there were on the west side of the creek; and that the contract did not include the logs on the east side of the creek; and that the R. Conner Company had nothing to do with the contract; and that he did complete the contract as thus made. The defendant denied both propositions, and insisted that the contract included the timber on the east side of the creek, and that the completion of the job was to be such as would be acceptable to the R. Conner Company. On the trial the defendant conceded that, if the contract only included the timber on the west side of the creek, then it had been completed. The contract under which the plaintiff claims the right to recover having thus been brought into the case, we are constrained to hold that the burden of proving the complete performance of that contract was on the plaintiff. It follows that the instructions thus given to the jury were erroneous.

• *By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for a new trial.