## The Town of Newbury *v.* The Conn. & Pass. Rivers Railroad Co.

*Action on the case. Liability of a party for injuries occasioned by his neglect. Plea in bar.*

A town is not precluded, by one recovery against one, for damages sustained by his neglect, from all future recovery for damages sustained by reason of the same neglect, if the damage is several.

And where A. and his wife were injured at the same time in consequence of the insufficiency of a highway, which insufficiency was occasioned by the neglect of the defendants, and A. recovered in an action against the town, for the injury to himself and carriage, and the town recovered the same of defendants, and afterwards A. brought his action against the town for the injury to his wife, and recovered, *it was held,* in an action by the town against the defendants, to recover the amount paid A. by reason of his recovery for the injury to his wife, that the first recovery of the town against the defendants, though for the same neglect, was no bar to the second suit.

It was also held, that each successive recovery against the town constituted a perfect cause of action against the defendants, and that the injury was at the same time, in the same carriage, and of course under the same circumstances, could make no difference; and that it would be the same as if it occurred on different days, from the same specific neglect of the defendants; for each injury constitutes, when the town are legally fixed with the burden, a distinct, complete and independent cause of action.

XXV.     25

ACTION ON THE CASE, brought by the town of Newbury to recover the amount that the plaintiffs had been compelled to pay on a judgment recovered against them, by one Abel Willard, for an injury to the wife of the said Abel, in consequence of the insufficiency of a highway in said Newbury; which injury the plaintiffs alleged happened by reason of the careless and willful acts of the defendants, by their engineers and agents. (See *Willard* v. *Newbury,* 22 Vt. 458.)

The defendants filed a plea in bar, which was as follows:

"And now, at this term of said court, to wit, on the 15th day of "June, A. D. 1852, come the said defendants, by their counsel, "and say, that the plaintiffs ought not *further to* maintain their said "action against said defendants, because they say, that the same "Abel Willard, in the plaintiffs' declaration mentioned, having been "personally injured by the same accident, and upsetting of his "wagon, on said highway, in said town of Newbury, in said month "of May, A. D. 1848, mentioned and described in the plaintiffs' "declaration, and at the same time, when his, the said Abel's, wife "was so injured, and by reason of the same cause as is alleged in "the plaintiffs' declaration, and claiming that said injuries were oc-"casioned by want of repairs in said highway, and that said town "was liable to him for said damages, commenced his action against "said town in his own name, to recover his said damages for said "injury to himself, and for his damages sustained by reason of said "injury to his said wife, by loss of her services and expenses of "her cure, in and by his declaration in said action, declaring and "alleging, amongst other things, that said injuries were occasioned "by the want of repairs in said highway, which it was the duty of "said town to keep in repair, the writ in which case was made re-"turnable to a term of the County Court, holden at Chelsea, with-"in and for the county of Orange, on the 3d Tuesday of December, "A. D. 1848, which writ was duly served on said town, and re-"turned to and entered in said court, at the term last aforesaid, and "such further and other proceedings were had in said cause, that "at a term of the Supreme Court, held at Chelsea, within and for "said county of Orange, on the 13th Tuesday next after the 4th "Tuesday of December, A. D. 1849, the said Abel Willard, then "and there, by the consideration of said court, recovered a final

"judgment against said town, in said cause, for said injuries, for the
"sum of three hundred and sixty-five dollars and seventy-five
"cents damages, and for one hundred and thirty-seven dollars and
"forty-seven cents costs of suit, as will more fully and at large ap-
"pear by the files and records of said Supreme Court, in said court
"remaining. And the said town of Newbury having paid the sums
"aforesaid, so recovered of them by the said Willard, to the said
"Willard, in payment and discharge thereof, and claiming that these
"defendants were responsible and liable to said town for the sums
"so paid to the said Willard, and for their expenses in defending
"said action, did, on the 18th day of May, A. D. 1850, commence
"an action in the name of said town, against these defendants, to
"recover the amount so paid to said Willard, and the expenses by
"them incurred in defending said action, and declared in and by
"their declaration in said case, amongst other things, that these de-
"fendants, in constructing their said road across said highway, upon
"which the said Willard and his wife Susannah were injured as
"aforesaid, obstructed said highway, and neglected to guard and
"protect the traveller from injury, by reason of their said obstruc-
"tions, and that in consequence of this omission and negligence on
"the part of these defendants, the said Willard and his said wife
"were injured as aforesaid, and that the said recovery was obtain-
"ed by the said Willard against said plaintiffs as aforesaid, and
"that by reason of said premises, these defendants were bound to
"reimburse the plaintiffs the amount so recovered of them by, and
"paid to said Willard as aforesaid. And said defendants in fact
"say, that the said plaintiffs, in and by their said declaration, sought
"to recover of these defendants the amount so recovered of them
"by said Willard, and paid to him by them as aforesaid, for the
"same cause and neglect, and upon the same grounds alleged and
"set forth by the plaintiffs in their declaration in this cause, which
"said writ was made returnable to a term of the court holden at
"Chelsea, within and for said county of Orange, on the 3d Tues-
"day of June, A. D. 1850, and was duly served on said defendants,
"and returned to and entered in said County Court, at the term
"last aforesaid. And the defendants further aver, that such fur-
"ther and other proceedings were had in said action, that since the
"last continuance of this cause, that is to say, after the 11th day
"of February, now last past, from which day until the third Tues-

"day of June instant, said cause was continued, and before said "third Tuesday of June instant, to wit, at a term of the Supreme "Court, holden at Chelsea, within and for said county of Orange, "on the 13th Tuesday next after the 4th Tuesday of December, "A. D. 1851, the plaintiffs then and there, by the consideration of "said Supreme Court, recovered a final judgment in said action "against these defendants, and on account of said acts of negli-"gence of said defendants, and by reason of said injury to and re-"covery by said Willard against said plaintiffs, for the sum of six "hundred and fifty-one dollars and eight cents damages, and for "the sum of one hundred and forty-nine dollars and ninety-one "cents costs of suit, as will more fully and at large appear by the "files and records of said Supreme Court, in said court remaining, "and ready in court to be shown. And said defendants further "aver, that since the last continuance of said cause, that is to say, "since the said 11th day of February last past, and before said "3d Tuesday of June, A. D. 1852, to which day said cause was "continued as aforesaid, to wit, on the 1st day of April, A. D. 1852, "these defendants paid to said plaintiffs the full amount of said last "mentioned judgment, in satisfaction and discharge thereof. And "said defendants do further aver, that the injury complained of by "the said Willard, and set out in his said declaration and action in "his own name, against said town of Newbury, the plaintiffs in this "action, and the injury complained of and set out in the said ac-"tion, in the names of himself and his wife Susannah, against said "town, and for which injuries, recoveries were had in said actions "against said town as aforesaid, occurred at one and the same time, "and were occasioned by one and the same cause, and did not occur "at other or different times, nor were said injuries occasioned by "other and different causes ; all of which the defendants are ready "to verify. Wherefore, they pray judgment, &c."

To the defendants' plea in bar, the plaintiffs demurred generally.

The County Court, June Term, 1852,—POLAND, J., presiding,—adjudged the plea in bar insufficient, and rendered judgment for the plaintiffs.

Exceptions by defendants.

*A. Underwood* and *Peck & Colby* for defendants.

The policy of the law has ever been, to diminish rather than to increase litigation; and with this view, courts have adhered with great strictness to the rule, that a cause of action should not be split up. Hence, if one commits a trespass on his neighbor, by taking away his cattle, the owner can have but one action for the injury. He cannot sue and recover for a part of the property, and then recover in a fresh action for the residue.

The same principle applies to a contract, which is entire. All damages for a breach of it must be recovered, if recovered at all, in one action. *Miller* v. *Covert*, 1 Wend. 487. *Guernsey* v. *Carver*, 8 Wend. 492. *Smith* v. *Jones*, 15 Johns. R. 229. *Farrington* v. *Payne*, 15 Johns. 432. *Willard* v. *Sperry*, 16 Johns. 121. *Dunn* v. *Murray*, 17 E. C. L. R. 498. *Smith* v. *Johnson*, 15 East. 213. *Pawlet* v. *Sargeant*, 19 Vt. 621. *Clark* v. *Harrington et al.*, 4 Vt. 69.

Thus in one action, for the breach of the covenant against incumbrances, the plaintiff may recover whatever sums he has expended prior to the judgment, in extinguishing an incumbrance; but if, after judgment, he pays a further sum to remove another incumbrance, he has no remedy, for his former judgment is a bar to all other actions on the covenant. The existence of the incumbrance, and not its discharge, constitutes the cause of action. *Potter* v. *Taylor*, 6 Vt. 676. So this court has held that there can be but one recovery by a parent for any consequential damages occasioned by an injury to his child through the fault of another. Damages arising subsequent to the judgment, are lost, unless embraced in it. *Administrators of Whitney* v. *Clarendon*, 18 Vt. 252. The ground of this decision is obvious. It is the act or neglect which causes the injury, and not the damages flowing from it.

That is the main ground of action. To state the principle more correctly, the action is founded on the act and the damages. It is for the two united. *Hodsell* v. *Stallebrass*, 39 C. L. Rep. 94. There cannot be two suits, between the same parties, for the same act.

The plaintiffs' right to recover, in the case at bar, is founded on the wrongful acts of the defendants, and the damage to them in consequence of that act. The damages now sought to be recovered, and the damages for which a recovery was had in the former action, were occasioned by the same act, and at one and the same

time. If this action can be sustained, then two or more actions may be sustained by the same parties, for the same act.

Take the case of the driver of a public coach, which is upset by his carelessness. Recoveries are had against his master for injuries occasioned by the act. Is he liable to as many actions in favor of the master as there are recoveries against him? Or, suppose parent and child are both injured at the same time, by want of repairs in the highway, the same cause producing both injuries. Can the parent recover against the town for the injury to his person, and then bring a fresh action for consequential damages caused by the injury to the child?

The damages claimed in the present action, might and should have been included in the former judgment, as they were recovered of the plaintiffs before any trial was had in that action.

It is the plaintiffs' own fault that they have lost their remedy. See *Clegg* v. *Deaeden*, 64 E. C. L. Reps. p. 575.

*P. Dillingham* for plaintiffs.

The plea in bar in this case makes a false assumption as to the *cause* of action, and is therefore bad.

1. The defendants' original neglect to keep the highway safe, was but one link in the chain of events, that resulted in the final judgment or injury complained of by the plaintiffs in this case. But this neglect, of itself, gave to the plaintiffs no cause or right of action against the defendants.

2. When Mrs. Willard received her injury on the highway, by reason of the defendants' negligence, *that* created no *cause* of action in favor of these plaintiffs against the defendants.

3. It was Mrs. Willard's recovery of a final judgment against Newbury, and that alone, that gave the town *cause* and *right* of action against defendants. Had the judgment in that suit been against Willard, we insist no action could have been sustained by Newbury against the defendants.

It was from the recovery of *that* judgment, that the statute of limitations began to run between these parties. There is no analogy between this case and one where a bond of indemnity is given by one party to another.

In such cases, the matter rests in contract between the parties; they have made their own stipulations, and agreed upon a sum that

is to cover the liabilities.   That sum is the fund agreed upon, from which, from time to time, the obligee is to be indemnified for accruing losses.   And though, in a suit on the bond, a judgment is at first rendered for the penal sum, yet in fact there is a new suit, by *scire facias*, for every new breach.

Where by law an implied obligation to indemnify exists, there the law *must* give a new action, for every new claim, made good against, and paid by the party to be indemnified.  16 Johns. R. 140.

The general liability of the defendants in this case, to make good the plaintiffs for the amount Mrs. Willard recovered against Newbury, was fully settled by this court, one year ago, in the case of *Newbury* v. *P. & C. Rivers Railroad Co.*

The opinion of the court was delivered by

REDFIELD, Ch. J.   The question here is, how far the town is precluded, by one recovery against the defendants, for damages sustained by their neglect, from all future recovery for damages sustained by reason of the same neglect.   The neglect is one, but the damage is several, and may be successive, extending over considerable time.   The omission of defendants was no cause of action against any one until some one was injured, and then not unless injured without their own fault.   And it afforded no cause of action in favor of these plaintiffs against the defendants, until a final recovery against the plaintiffs; for until it was shown in some way that the damage was such as plaintiffs were legally bound to bear, there was no obligation upon defendants.   And then the obligation upon the defendants seems to us one of indemnity chiefly, against the consequences of defendants' neglect.   It is the consequence which constitutes the cause of action, and the only cause of action. It is not the neglect, or the damage to individuals, which constitutes the cause of action, but the actual payment of damages, or the necessity of payment, fixed upon them, by final judgment. And if damage happens to one person, and is paid by the town, or fixed upon them, this will not enable them to recover, for probable future damages, resulting from injuries to other persons, who may be expected to recover against the town.   In the present case, it is not claimed, that the plaintiffs could have recovered the damage to the wife, until fixed with it, which was not the case, at the time the former suit was commenced.   And it could not have been re-

covered in the former suit, without an amendment of the declaration.

For it is as much a distinct matter, as if the persons had been strangers to each other, and as much, I think, as if the persons had been injured at different times, by reason of the same neglect of defendants.

It is true, that it is necessary for the plaintiffs to make out the neglect of defendants, and that the injury happened in consequence, to prove the obligation of defendants to indemnify.

Here then comes the turning point of our inquiry. What is the extent of this obligation of the defendants ? Is it an obligation to indemnify against the act of negligence, and the damage resulting therefrom ? or is it merely to indemnify against the damages, and the several and successive damages, which may arise to the plaintiffs, within the scope of the obligation ?

In this view, each successive recovery against the town constitutes a perfect cause of action against the defendants, and is in no manner connected with any other recovery. And whether the injury was at the same time, in the same carriage, and of course under the same precise circumstances, can make no difference. It would be the same, if it occurred on different days, from the same specific neglect of defendants. And in such case, and in this, either injury constitutes, when the town is legally fixed with the burden, a distinct and complete and independent cause of action.—And the last injury may become the first cause of action. And in neither case can the plaintiff recover probable damages, beyond the specific damages already fixed upon them, as was held in *Admr. of Whitney* v. *Clarendon,* and in *Hodsell* v. *Stallebrass,* 39 E. C. Law R. 94. And to hold that all subsequent damages, resulting from the same act of neglect, are barred by one recovery, when such damages could not have been included in the former recovery, even by estimation, is certainly going beyond any former case, and equally beyond any just principle, applicable to the subject.

A distinction is made in the books, as to the right to bring successive actions, whether the loss of service of a child or apprentice is by reason of an injury, which is complete at once, and that of loss of service, by enticing away the apprentice. In the former case, the cause or action is complete when the injury is inflicted, although the damage is prospective; and in the latter, the continuance

Newbury *v.* Conn. & Pass. Rivers Railroad Co.

of the enticement and harboring of the apprentice is a fresh cause of action, as well as fresh damage. There is fresh injury and damage in one case, and in the other only fresh damage, resulting from the original injury.

But in the present case, the damage is the only cause of action, the obligation of indemnity being fixed, and the damage shown to have arisen within the obligation.

In those cases where there is either a repetition or continuance of the injury, a fresh cause of action arises at each fresh injury, as in the case of a nuisance, or the flowing of another's land, or obstructing his lights, or rendering the air unwholesome, or harboring an apprentice. But in the other class of cases, where the injury is complete at once, and the damage being all prospective, is liable to vary from time to time, it must nevertheless all be recovered in one action.

But the present case is different from either. The defendants are bound to a certain degree of skill and diligence, which, if performed, saves all liability. But if not performed, it still imposes no liability, but may be saved upon another alternative, i. e. of indemnifying and saving the plaintiffs harmless from each and every loss they may sustain, by reason of such omission, so that a fresh cause and a perfect cause of action arises at each successive loss. And in the present case, the two are as really distinct as if the parties had been strangers to each other, and the injuries had occurred at different times, from the same act of negligence in defendants, as we before said.

Judgment affirmed.