[No. 13576. Department Two. February 16, 1917.]

## J. F. BERTLES, *Respondent*, v. HAWKINS MOTOR CAR COMPANY, *Appellant*.[1]

APPEAL—RIGHT TO APPEAL—JURISDICTION — AMOUNT IN CONTROVERSY. Under Const., art. 4, § 4, limiting the appellate jurisdiction of the supreme court in civil actions at law for the recovery of money to cases in which the original amount in controversy exceeds two hundred dollars, no appeal lies from a judgment in an action brought in justice court for $99.99 in which the defendant counterclaimed for a like sum, although, on appeal to the superior court, the defendant was allowed to amend his answer to claim $293; since the jurisdiction of the justice was limited by Rem. Code, § 44, to $100, and damages in excess thereof were waived by the parties by bringing action in the justice court; and the amendment did not change the "original amount in controversy."

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered March 3, 1916, in favor of the plaintiff, notwithstanding the verdict of a jury of no damages to either party, in an action for damages resulting from an automobile collision. Appeal dismissed.

*Cullen, Lee & Matthews*, for appellant.

*Samuel R. Stern*, for respondent.

MOUNT, J.—On October 24, 1913, two automobiles collided upon the streets of Spokane. One of the automobiles belonged to the respondent. The other was driven by an agent of the appellant. Both automobiles were damaged. The appellant now claims that its automobile was damaged to the extent of $293. The respondent brought an action in the justice court to recover from the appellant for damages which were alleged in the complaint to be $99.99, to respondent's automobile. The appellant appeared in the justice court, filed an answer, and counterclaimed for damages to its machine in the sum of $99.99. The case was tried to the justice of the peace, who found in favor of the plaintiff

[1]Reported in 163 Pac. 3.

in that action for the full amount claimed.   The defendant there appealed from the justice to the superior court, where trial was had to a jury.   Upon that trial, a verdict was returned in favor of the defendant for one dollar.   Thereafter, a new trial was granted, and, by leave of the superior court, an amended answer was filed by the defendant, claiming the full amount of its damage at $293.   Thereafter, a new trial was had to a jury, and a verdict was returned in favor of the plaintiff for $50.   Thereafter, motions were made for judgment notwithstanding the verdict and for a new trial.   The motions for judgment notwithstanding the verdict were denied, but a new trial was granted.   The case was again tried in the superior court to a jury, and resulted in a verdict of no damages for either party, and with the request from the jury that the costs be divided.   Thereafter, motion for judgment in favor of plaintiff notwithstanding the verdict was made.   The court granted this motion, and entered a judgment in favor of the plaintiff for $99.99.   The defendant has appealed from that judgment.

Respondent moves to dismiss the appeal for the reason that the original amount involved is less than two hundred dollars.   The constitution, at § 4 of article 4, provides that the appellate jurisdiction of this court shall not extend to civil actions at law for the recovery of money when the "original amount in controversy or the value of the property does not exceed the sum of two hundred dollars."   In *Northern Pac. R. Co. v. Shoemake,* 69 Wash. 140, 124 Pac. 385, Ann. Cas. 1914A 1040, in. discussing the meaning of this provision of the constitution, we said:

"We think that, when the framers of the constitution used the words 'original amount in controversy,' they had reference to the amount severally claimed by the respective parties in their pleadings.   They did not mean that, if the sum of the opposing claims exceeded $200, the court would have appellate jurisdiction.   When an action is commenced, the amount sued for is the test of jurisdiction.   If the adverse party asserts a counterclaim, he to that extent becomes an

actor, and in so far as the question of jurisdiction is involved, he will be treated as if he were commencing an independent suit."

It is claimed that each of the automobiles was damaged by the collision more than one hundred dollars. The respondent brought suit in the justice court, alleging that his automobile had been damaged in the sum of $99.99, evidently for the purpose of giving the justice court jurisdiction of the case. The appellant here counterclaimed and alleged that its automobile was damaged in the sum of $99.99, and sought a judgment therefor. The statutes of this state limit the jurisdiction of a justice of the peace to cases involving less than one hundred dollars. Rem. Code, § 44. Each of the parties here, when the case was originally brought, voluntarily waived the damages in excess of one hundred dollars, in order to give the justice court original jurisdiction. After the case was appealed to the superior court, and tried upon the original complaint, answer, and counterclaim, and after a verdict of a jury had been set aside, the appellant filed an amended answer, alleging damages in the sum of $293. Assuming, without deciding, that this was a proper amendment to be allowed by the court, we think it did not change the "original amount in controversy," which was $99.99. When the action was originally brought in the justice court, the parties voluntarily stated the amount of their claims, each against the other, at $99.99. They thereby waived any claim for a larger amount. The appellant argues, in substance, that, if it be held that $99.99 is the original amount in controversy, then, in a case like this, where each has injured another's property, one may bring an action in the justice court for less than one hundred dollars, and prevent the other party from counterclaiming for more than one hundred dollars, and thus defeat the greater claim. But we think it is plain that it was not necessary for the appellant to set up its counterclaim in the justice court for an amount less than the actual damage. It

could have defended there without setting up the counter-claim, and at the same time have maintained an action for a greater amount in the superior court. When it failed to do so, but sought recourse in the justice court by waiving its claim for any larger amount than $99.99, it thereby fixed the original amount in controversy, and it cannot now be heard to say that the original amount in controversy has been changed so as to give this court jurisdiction. We are satisfied that, when the constitution used the words "original amount in controversy," it meant the "original" amount which was in controversy when the action was begun. This action was begun in the justice court. The *original amount* in controversy was $99.99. This court, therefore, does not have jurisdiction. The appeal is, for that reason, dismissed.

MORRIS, HOLCOMB, FULLERTON, and PARKER, JJ., concur.