### No. 9338.

### NELSON *v.* MEYER.

COUNTY COURT—*Counterclaim Exceeding Jurisdiction—Effect.* Action in the county court demanding $600.00, interest accrued upon a contract for the payment of $10,000.00. Defendant filed a counterclaim setting up fraud in procuring such contract, and praying cancelation and other relief. *Held* that the alleged

fraud and procuring the contract might be relied upon as defensive matter, but not to defeat the jurisdiction; that if constrained by the situation to demand affirmative relief in excess of the jurisdiction of the County Court, the equitable remedy by injunction was available to him. *Ramsey v. Smith,* 4 Col. Ap. 434.

*Error to Delta District Court, Hon. Thomas J. Black, Judge.*

Mr. MILLIARD FAIRLAMB, for plaintiff in error.

Mr. MILTON R. WELCH, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF below, plaintiff in error here, brought suit in the County Court of Delta County to recover an installment of interest due under a contract for the purchase of one-half of the stock of The Nelson-Meyer Orchard Land Company, a Colorado corporation. The contract involves the ultimate payment of $10,000.00, although at the time of bringing the suit only a $600.00 interest payment was due. It was to recover such interest that this suit was brought. Defendant below, defendant in error here, set up fraud and false representations in procuring the contract as a defense. He asked for the cancellation of the contract, and for other relief. Judgment in the County Court was for plaintiff and an appeal was taken by the defendant to the District Court, where he afterward interposed a motion to dismiss on the ground that the County Court had no jurisdiction of the cause because the defense interposed involved the validity of a $10,000.00 contract, an amount beyond the jurisdiction of that court. This motion was sustained, and plaintiff brings the cause here for review.

The sole question is whether the jurisdiction of the County Court was ousted by the filing of the defense in question. The ruling as to set-off and counterclaim as applied to questions of jurisdiction is set out in 7 R. C. L. 1057, as follows:

"As a counterclaim is in substance an action wherein affirmative relief is sought by the defendant against the

plaintiff, statutes permitting the interposition of counter-claims are construed in connection with other statutes limiting the amount over which the court has jurisdiction. The limitation of jurisdiction is made to apply to both parties to the action. The result is that the defendant cannot interpose a counterclaim for an amount exceeding the jurisdiction of the court. A counterclaim in excess of the jurisdiction of the court may be pleaded as defensive matter, where no affirmative relief is demanded, and the defendant may waive the excess by his pleading and demand judgment for an amount within the jurisdiction of the court."

The case at bar is ruled by *Dyett v. Harney*, 53 Colo. 381, 127 Pac. 226, where in a cross complaint defendant set up certain matters involving more in amount than the maximum limit fixed by statute as the jurisdiction for such courts. The cross complaint was stricken on motion, and defendant given leave to answer further, which he declined to do. Plaintiff had judgment and on review defendant contended that because his claim or demand was in excess of $2,000.00 the case should have been certified to the District Court. In determining that question, this court, in that case, at page 383, said:

"If the filing of a counter claim or cross complaint in excess of the jurisdictional limit will oust a court of all jurisdiction over a case, then every defendant in a civil action has it within his power to thus defeat any action that may be brought in the county court, and that court, while nominally having jurisdiction in civil actions concurrent with the district court, to the limit fixed, could not exercise that jurisdiction except at the grace of a defendant. Certainly the lawmakers of this state had no such result in contemplation. The county court has jurisdiction in any civil action where the debt, damage or claim, or value of property involved, does not exceed two thousand dollars. If the debt, damage or claim, or value of property involved, exceeds two thousand dollars, the court has no jurisdiction to determine it. If the jurisdiction of the court once attaches to a plaintiff's cause of action, certainly

a defendant cannot detach it by filing a claim in excess of the court's jurisdiction, for the amount of plaintiff's claim remains the same regardless of what defendant may do. A defendant's claim is in effect an action against the plaintiff, and is subject to the same limitations as that of plaintiff. It follows, therefore, that if the present defendant made a claim in excess of the court's jurisdiction and persisted in having it litigated in such excess, the effect was not to oust the court of jurisdiction over plaintiff's claim, but to put defendant's claim out of the county court, leaving in that court, for determination, the issues raised by the complaint and the denials in the answer. *Ramer v. Smith,* 4 Colo. App. 434, 36 Pac. 302; *Gimbel & Son v. Gomprect & Co.,* 89 Tex. 497, 35 S. W. 470; *Martin v. Eastman,* 109 Wis. 286, 85 N. W. 359; *Clancy v. Neumeyer,* 51 N. J. L. 299, 17 Atl. 154."

Defendant in error does not question the authorities quoted above, but contends that, in spite of the allegations of the complaint that: "the amount sought to be recovered by this action does not exceed two thousand dollars," and that the prayer of the complaint for relief is in the sum of $600.00 and costs, the question actually at issue was the validity of the $10,000.00 contract. It is clear that plaintiff sought to recover only the sum of $600.00, alleged to be interest due and unpaid, and that the County Court had jurisdiction which was not and could not be ousted by the defense interposed. The alleged fraudulent procurement of the contract could properly have been relied upon in the County Court as defensive matter, but not to defeat the jurisdiction of that court, or to establish a counterclaim for a sum in excess of its jurisdiction, for the purpose of affirmative relief.

The cases cited by defendant in error are clearly not in point. They are either Federal cases which are not controlling in view of our own decisions holding to a different rule or else are based upon statutory provisions not here involved.

If, in order to properly present a defense, defendant felt

bound to ask for affirmative relief in excess of the jurisdiction of the County Court, or else suffer irreparable injury, then the equitable remedy of injunction was open to him. *Ramsey v. Smith,* 4 Col. App. 434.

The judgment of the District Court in dismissing the action will be reversed, and the cause remanded with directions to deny the motion to dismiss, and proceed to trial, with leave to the parties to amend or supplement their pleadings as they may be severally advised.

Judgment reversed and cause remanded with directions.

Mr. Chief Justice Garrigues and Mr. Justice Allen concur.