SELLS, Respondent, vs. ELMERGREEN, Appellant.

*March 14—April 8, 1924.*

*Courts: Counterclaim involving amount in excess of jurisdiction of court: Dismissal of counterclaim: Certifying to court of competent jurisdiction for trial.*

1. Where the civil court of Milwaukee county acquired jurisdiction of the parties and over the separate causes of action in the complaint and defendant's counterclaims as first interposed, an amendment to the second counterclaim increasing

the amount involved to an excess of the statutory limit of the
jurisdiction of such court could not affect its jurisdiction to
proceed with matters still properly before it.   p. 534.
2. After the amendment increasing the amount involved beyond
the statutory limit, the civil court could either dismiss such
amended counterclaim or certify it to the circuit court, and,
where it so certified, defendant was not prejudiced.   p. 534.

APPEAL from a judgment of the circuit court for Mil-
waukee county: WALTER SCHINZ, Circuit Judge. *Affirmed.*

In October, 1917, plaintiff sued defendant in the civil
court of Milwaukee county for legal services rendered May
to September, 1915, in connection with the clearing of title
to certain lands in which defendant was interested.  Defend-
ant interposed a general denial and two counterclaims, one
for medical services of $156, and another to recover $300
as his damages on account of his sale of certain of the
lands induced by the alleged fraud of plaintiff.

In February, 1918, judgment was rendered for plaintiff
and the two counterclaims denied.

In the same month defendant's motion for a new trial
was granted.  In December, 1922, the case was noticed for
trial, and defendant moved for leave to file an amended
answer by which the damages prayed for in the second
counterclaim were increased to $4,500.   Such amendment
was allowed and defendant moved to certify the entire
action to the circuit court.  This was denied except as to
the second counterclaim, which was so certified because
being for an amount in excess of the civil court's juris-
diction.

The case was then tried, resulting in a judgment for
plaintiff upon his cause of action and a dismissal of the
first counterclaim.  Defendant then appealed to the circuit
court, and judgment was there entered affirming the civil
court in all things except that the judgment upon the coun-
terclaim was not to be on the merits.  The issue upon the
amended counterclaim was ordered for trial in the circuit
court.  From this judgment defendant appeals.

*Joseph G. Hirschberg* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *Lines, Spooner & Quarles* of Milwaukee.

ESCHWEILER, J. The civil court acquired jurisdiction of the parties and over the separate causes of action embodied in the plaintiff's complaint and the defendant's counterclaims as first interposed. The amendment properly allowed to the second counterclaim, increasing the amount involved to an excess of the statutory limit of the civil court's jurisdiction, could have no effect upon its jurisdiction to proceed with the matters still properly before it.

The defendant might have asserted the counterclaim embodied in his amended pleading by an independent action in a court having such jurisdiction. His election to assert it in a court having no jurisdiction cannot be permitted to foreclose the civil court of its power to proceed with the separate and independent issues concerning which it had unquestioned jurisdiction. The defendant's rights have in no wise been prejudiced by the proceedings in the court below. Any relief to which he is entitled he may still have. The civil court having no jurisdiction over the amended counterclaim must either dismiss it or certify it to the circuit court. The defendant cannot complain because of its doing the latter.

We deem this question squarely met, and with the same result as here reached, in *Martin v. Eastman,* 109 Wis. 286, 85 N. W. 359. The same view is taken in other jurisdictions. *Duresen v. Blackmarr,* 117 Minn. 206, 135 N. W. 530; *Nelson v. Meyer,* 66 Colo. 164, 180 Pac. 86; *Kienzle v. Gardner,* 73 N. J. Law, 258, 63 Atl. 10; 15 Corp. Jur. 775; 7 Ruling Case Law, 1057.

*By the Court.*—Judgment affirmed.