## ALLAMONG v FALKENHOF

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10983.   Decided Nov 10, 1930

John L. Mihelich, Cleveland, for Allamong.

A. E. Friedman, Cleveland, for Falkenhof.

**VICKERY, PJ.**

Now it is claimed that this is not res adjudicata because in the Common Pelas Court there were alleged very serious injuries to the plaintiff, that is, personal injuries which in amount was much greater than the Municipal Court had jurisdiction of and, therefore, it could not be res adjudicata because the Municipal Court did not have complete jurisdiction over the possible amount that might have been recovered for, as alleged in the plaintiff's petition, the plaintiff suffered the loss of one, if not both, eyes and, of course, that injury if sustained by proof would entitle the plaintiff to much greater damages than the Municipal Court could allow.

There has been much learning expended in this case and there has been searching of authorities, but so far as I have been able to learn there is not one that is exactly in point. There are many authorities to the effect that had the plaintiff in the Common Pleas Court brought an action for the damages to his automobile in the Municipal Court, and had recovered, he would not be barred from bringing another action in a court having jurisdiction for the personal injuries. In other words, there were two causes of action and while it were better practice that a man should settle all his difficulties in one suit, yet if he sought to divide them up, the splitting of causes of action, in other words, would not necessarily be a bar in a court having complete jurisdiction over one of the causes of action, and much authority has been cited to sustain this contention and the writer of this opinion agrees with that.

But it must be conceded that the Municipal Court had jurisdiction of the subject matter and jurisdiction over the persons to settle this whole controversy. The damages that were sustained by the plaintiff might not have reached more than $2500 and therefore the jurisdiction of the Municipal Court would be complete over the amount to be rendered. But the serious question is this: that, in order to found any right of action on the part of the plaintiff in the Common Pleas Court, he must prove that the **defendant** was guilty of **negligence,** and that is the first question to be determined. The amount of recovery is incidental only to the negligence of the sued defendant, for if it were a jury case in the Common Pleas Court, or in the Municipal Court either for that matter, the court would tell the jury that the first question that they must determine is: was the defendant negligent, and was that negligence the proximate cause of the injury? and if they find **that** in favor of the plaintiff, they then can go to the second question which would be the amount of damages to be recovered, but in the event that they find no negligence upon the part of the defendant or, finding negligece upon the part of the defedant, they find that the plaintiff also was guilty of negligence which contributed to the injury, then the plaintiff could not recover and they need go no further.

So the basis for the right to recover anything or any amount is the negligence of the defendant that is sued, and if there were no negligence, of course, there could be no recovery. So that was the gravamen of the offense and the cause, if it existed, which would give rise to a right of recovery.

Now over that question the Municipal Court had jurisdiction and that was the issue that was raised as shown by the pleadings and files in the case in the Municipal Court, and that was determined by the court in favor of the plaintiff in that action, the defendant in the Common Pleas action. The court found that the defendant in the Municipal action was guilty of negligence which caused the injury to the then plaintiff's automobile; that the plain-

tiff in that action, the defendant in the Common Pleas action, was guilty of no negligence, and that judgment was affirmed by the Court of Appeals and remains as the law of that case and however we may regret the inability of the plaintiff to present the damage to his person, the loss of his eyesight to the court and jury, yet it is something over which we now have no control.

It is asked what the remedy would be if a person to avoid responsibility when there was a possible graver liability for injuries caused by him, should rush into a lower court and secure a judgment in his favor. Well, that is assuming that the court acts corruptly or inadvisedly when there is a judgment in favor of the plaintiff in that action in order to prevent a larger liability being asserted. We do not think that such an argument is tenable; but if it were, we presume there is a remedy in the courts, if taken at the proper time; that is, if the Municipal Court case was started first so that it had precedence, and thus it obtained jurisdiction, then in the Common Pleas Court where the same matter was involved, the Common Pleas Court having more complete and adequate jurisdiction than has the Municipal Court, upon a proper setting up of that in the petition or supplemental petition in the Court of Common Pleas, an injunction might be granted by the Common Pleas, Court to enjoin the defendant in the Common Pleas Court, the plaintiff in the Municipal Court from proceeding in the Municipal Court, for the reason that the matter was pending in the Common Pleas Court, and it had more complete jurisdiction over the matter, and we think an inferior court might be enjoined under the circumstances. That would be a complete answer to the statement that a man might steal a march on his adversary and have a judgment that would foreclose the person injured from prosecuting his claim. That was not done in the instant case. The plaintiff in the Common Pleas Court went into the Municipal Court, as already stated, filed his statement of defense, and the question and the sole question before the Municipal Court was which of these two parties was negligent. If the plaintiff in the Municipal Court had been negligent, he could not have recovered, and if a judgment had been rendered against him in the Municipal Court in the matter of damage to his machine, it would have been on the ground that the defendant in that court was not guilty of negligence. Then

even though the defendant in that action might have set up his damages as a counterclaim, yet if he did not, he would not be barred, we think, under the authorities, from prosecuting his claim for personal injury or damage to his automobile or both in the Court of Common Pleas.

This member of the court, at least, thinks that where one has a conterclaim, he can either use it in asking for affirmative relief or he need not use it, but simply defend and sue for relief in another court. He is not obliged to use his counterclaim although it is better practice to do so. He can make that the basis of an affirmative action and we think the authorities that are quoted to us in this case amply demonstrate this to be the law.

From the whole record in this case, from the authorities that we have examined, the majority of the court can come to no other conclusion than that the Court of Common Pleas was right in dismissing the proceedings on the ground that the matter had been adjudicated in the Municipal Court and that it was res adjudicata.

For that reason the majority of the court feel that the judgment must be affirmed.

Cline, J, concurs.

Levine, J, dissents.

LEVINE, J, dissenting:

I am compelled to depart from the judgment of the majority of this Court.

In the Common Pleas Court the motion of the defendant for judgment on the pleadings was granted by that court by reason of prior adjudication of controlling facts in issue. Accordingly the plaintiff's petition was dismissed.

On February 16, 1928, plaintiff filed a petition wherein it was alleged that through the carelessness and negligence of the defendant, the plaintiff sustained permanent injuries and he prayed for judgment in the sum of $25,000.00. The answer filed by the defendant by way of special defense, sets forth the defense of res adjudicata in this, to-wit, that on or about November 15, 1928, in an action in the Municipal Court of Cleveland wherein the present defendant, Claude C. Falkenhof was plaintiff and Roosevelt Allamong the present plaintiff was defendant, the issues were the same as in the petition herein, Claude C. Falkenhof recovered a judgment against defendant, Roosevelt Allamong for $153.00; that the judgment of the Municipal Court was affirmed by the Court of Appeals on April

17, 1929; that said judgment involved the same parties and the same issues and that therefore the judgment of the Municipal Court which now stands unreversed and unmodified, is a bar to the present action because the issues have been fully determined in the Municipal Court.

To this answer the plaintiff filed a reply wherein it is admitted that on November 25, 1928, defendant in the present action recovered a judgment against plaintiff in the present action, in the sum of $153.00 for property damage and that the same stands unreversed and unmodified. The reply denied that the issues in the Municipal Court were the same as those in the present case and also averred that the Municipal Court was without jurisdiction to determine the issues in the present case.

As I scan the operative facts which appear in the plaintiff's amended petition, I gather that a collision occurred between two automobiles, the one driven by plaintiff, and the other driven by the defendant; that the action instituted by the present defendant against the present plaintiff in the Muicipal Court of Cleveland and in which he recovered a judgment for property damage, arose from the same accident as that which now furnishes the basis for the action of the plaintiff in the Common Pleas Court.

It is quite true that if the finding of the Municipal Court to the effect that the present plaintiff who was defendant therein, was negligent in the operation of his automobile were to be held an adjudication as to all further disputes between the parties, that the present action would necessarily be barred. It must be kept in mind, however, that in the Municipal Court, the present plaintiff who was defendant therein, did not set up a counter-claim embracing the claim which is now asserted in his petition filed in the Common Pleas Court. All that he did was merely to defend himself against the action brought against him in the Municipal Court for property damage.

The defendant in an action is ordinarily required to set up all his defenses which do not constitute separate causes of action, and if he neglects to do so he is precluded by the judgment rendered in the action. The general rule is that a judgment operates as res adjudicata not only in regard to the existence of the plaintiff's cause of action, but as to the non-existence of the defense which was not pleaded. The reason for the rule lies in the principle that there must be an end to litigation and where a party has an opportunity to present his defense and neglects to do so the demands of the law require that he should take the consequences.

It is the policy of the law that a defendant cannot split up his defenses when they are indivisible, and present them by piecemeal in successive suits growing out of the same transaction. This statement of the general rule is subject to definite limitations. Thus it has been held that other separate and distinct causes of action need not be pleaded by the defendant and that the failure so to plead does not operate as a bar to any further action between the parties.

The case which to me seems to be quite in point is the case of Jordahl vs. Berry, 72 Minn. 119. In that case, a suit was brought before a Justice of the Peace for a physician's services. The defendant did not interpose any counter-claim for malpractice but resorted to the defense that the services were not skillfully performed and that therefore the doctor's fees were not earned. The Justice of the Peace renderd a judgment in favor of the physician, which judgment stood unreversed and unmodified. Later the defendant in the Justice of the Peace Court filed a separate suit in a court of competent jurisdiction, for a large sum, asking a judgment against the physician for malpractice. The physician interposed a defense of res adjudicata asserting that the question of the character of the services rendered by the physician was necessarily involved in the suit before the Justice of the Peace in which he recovered a judgment and that therefore said judgment should operate as a bar to the present action against him for malpractice.

The court, amongst others, pointed out that the claim of the plaintiff for damages for malpractice was for an amount far exceeding the statutory jurisdiction of the Justice and that therefore it was not incumbent upon the plaintiff in the malpractice case to have asserted his claim in the suit which the physician brought against him for services in the Justice of the Peace court.

It has been said that it would be a harsh and oppressing rule which would make it necessary for one suing on a trifling claim to resist it and engage in costly litigation in order to prevent the obligation of a judgment which would be held conclusively

to have established against him every material fact alleged and not denied, so as to preclude him from showing the truth, if another controversy should arise between the same parties.

Watts vs. Watts, 160 Mass. 464.

15 Ruling Case Law, Sec. 447.

The Minnesota case above referred to, has an important bearing upon the case before us. It must be borne in mind that the jurisdiction of the Municipal Court in tort actions for injury to person or property, or both, is limited to $2500.00. The issues involved in the present litigation were outside the jurisdiction of the Municipal Court to determine, for under no circumstances could the Municipal Court have granted the prayer of the plaintiff's petition wherein he asked damages in the sum of $25,000.00.

I am of the opinion that before a judgment of a Court of competent jurisdiction could be held to operate as a bar against further litigation between the same parties, it must appear that the subsequent claim asserted by one of the parties was such as could have been adjudicated in a single action by the same court; that where it appears that the jurisdiction of the court was of a limited nature and that the entire controversy between the parties could not have been adjudicated had the parties seen fit to assert it by way of counter-claim, the judgment of such court should not be said to operate as a bar against further litigation between the same parties.

It will be seen that the doctrine of res adjudicata was founded upon public policy which frowned upon interminable litigation. It was thought best, as a rule of public policy, to promulgate a doctrine which would put an end to litigation once it has been determined by a court of competent jurisdiction.

Whether or not damages to person and property arising from the same accident is regarded as a single cause of action, is discussed in Sedgwick on Damages, Volume 1, 85 (c) as follows:

"If, as a result of a single act, injuries were caused both to person and property, according to best and most reliable authorities, two causes of action arise.

"Where the defendant commits two distinct torts, recovery may be had in separate actions; the damages recovered in each action being confined to those resulting from the tort in question.

"So where the same accident resulted in damage to the plaintiff's person and to his property it is usually held that he may recover separately for the separate injuries."

McAndrew vs. Lake Shore & M. S. Railroad, 7 Hun. 46

Reilly vs. Sicillian Asphalt Paving Co., 170 N. Y. 40

Watson vs. Texas & P. R. R., 8 Tex Civ. Appl. 144.

Newberry vs. Connecticut & P. R. R., 25 Vt. 377

Brunsden vs. Humphrey, 11 Q. B. Div. 712, 14 Q. B. Div. 141

In a few jurisdictions it is held that there is but one cause of action.

Among the reasons for thinking the causes of action different is the following: Negligence is no cause of action at all and only becomes so when united with damage.

It seems to me that since, by the weight of authority, injuries to a person and injuries to his property, though resulting from the same accident, are deemed separate causes of action that the adjudication of one cause of action dealing with injuries to one's property should not be held a bar to another existing and separate cause of action which consists of injury to one's person, even though the question of negligence was involved in the former suit for injuries to property.

In my opinion the doctrine of res adjudicata applies only to all existing defenses which might have been interposed in the former suit wherein the judgment was rendered but does not apply to separate existing causes of action which the party did not see fit to assert.

The sound objection which is lodged against splitting one cause of action and dividing it into several items cannot be urged against existing separate causes of action.

Insofar as the judgment of the Municipal Court relates to property damage, I can well concede that no other action based on property damage can be brought, because it has been fully adjudicated by a court of competent jurisdiction. It does not, in my opinion, apply to another existing and separate cause of action, based upon the injuries to person.

For these reasons I respectfully dissent from the judgment of the majority of the Court and am of the opinion that the Common Pleas Court committed error in granting defendant's motion for judgment on the pleadings.