[No. 28782.   Department One.   January 8, 1943.]

CENTENNIAL FLOURING MILLS COMPANY, *Appellant*, v. WALTER L. SCHNEIDER *et al., Respondents.*[1]

*Graham, Green, Burnett, Howe & Dunn,* for appellant.

*Binns & Cunningham,* for respondent.

MILLARD, J.—Plaintiff, a domestic corporation engaged in the business of manufacturing flour, brought this action April 13, 1942, to recover against six of its employees for alleged breach of a working agreement, and to enjoin those employees and a justice of the peace from proceeding with six separate actions commenced March 13, 1942, by the six employees to recover against plaintiff for alleged breach of the same

[1]Reported in 132 P. (2d) 995.

agreement and involving the same transaction as plaintiff's claim against the employees in this action.

In its first cause of action, plaintiff alleged that, as a result of the violation by defendant employees of their working agreement with plaintiff, the latter was compelled to suspend flour manufacturing operations from August 12, 1941, to August 22, 1941, and thereby sustained damages in the amount of thirteen thousand dollars.

As a second cause of action, in which it prayed that the six employees and the justice of the peace be restrained from proceeding with any of the justice court actions so that the entire matter might be litigated in this action, plaintiff alleged commencement by each of the defendant employees of a separate action in a certain justice court in which actions each employee alleged existence of the working agreement in question and that, as a result of employer corporation's breach ("lock-out" of employees from August 12, 1941, to August 22, 1941) of that agreement, he sustained damage in a specified amount. Plaintiff corporation further alleged that the justice court, in which all of the six actions were commenced, does not have jurisdiction over any matter involving in excess of one hundred dollars; therefore, it is impossible for plaintiff to assert, in the justice court actions by way of cross-complaint, or otherwise, its causes of action against the six employees.

Defendants' demurrer to the second cause of action was sustained. Plaintiff elected to stand upon its complaint, whereupon judgment was entered dismissing the action as to the justice of the peace and dismissing the second cause of action as to the other defendants.

Where an action is commenced in justice court for recovery of an amount within that court's jurisdiction, may the defendant, by assertion of a claim arising out

of the same transaction and involving the same issue in an amount in excess of the justice court's jurisdiction, invoke the remedy of injunction against further proceedings in the justice court, so that the claims of both parties may be determined in one action in the superior court? That is the question presented by this appeal.

The claim of appellant employer and the claim of each respondent employee arose out of the same transaction—suspension of work at appellant's flour mill ten days in August, 1941—which, each contended, constituted a breach of the same agreement by the other. The damage claimed by each of the employees, as a result of the closing of the mill, is within the jurisdiction of the justice court in which each respondent employee brought his action against appellant employer, while the damages of thirteen thousand dollars claimed by appellant employer are in excess of the justice court's jurisdiction, which is limited to claims of less than one hundred dollars. Rem. Rev. Stat., § 44 [P. C. § 9564].

Counsel for appellant argue, in support of an affirmative answer to the question posed, that it is prerequisite to assertion of its counterclaim in justice court that appellant waive all in excess of $99.99; that the work stoppage (the only transaction involved) was either—it could not have been both—a breach of the working agreement by respondent employees or a breach by appellant employer, and that question (which the justice court must necessarily decide in order to determine the employees' claims in the justice court), once decided, will be *res adjudicata* in any subsequent action, including the case at bar.

Counsel for appellant cite *Kaloutsis v. Maltos*, 9 Cal. (2d) 493, 71 P. (2d) 68, which enunciates the rule in California that, where a defendant in a justice court

action has a claim against the plaintiff arising out of the same transaction, but in excess of the jurisdiction of the court, he may bring a suit in the superior court, and then enjoin the justice court action, in order that the entire controversy may be settled in the court which has jurisdiction over the larger claim. See, also, to the same effect, *Massachusetts Bonding & Ins. Co. v. Lowenstein Inv. Co.*, 152 Ga. 299, 109 S. E. 902.

Counsel for appellant also cite *Allamong v. Falkenhof*, 39 Ohio App. 515, 177 N. E. 789. In that case, one party to an automobile accident commenced an action against the other party in the municipal court for recovery of damages to his automobile, in which court he recovered a judgment in the amount of $153. Subsequently, the defendant in the first action brought an action in common pleas court against the plaintiff in the first action for personal injuries resulting from the same accident, in an amount in excess of the jurisdiction of the municipal court. The defense pleaded in the common pleas court was that the question of negligence had been decided in the municipal court action and was therefore *res adjudicata,* irrespective of the amount involved. Plaintiff in common pleas court countered that he had not asserted his claim in the municipal court, since it was in excess of that court's jurisdiction. He then asked the court what the remedy would be if a person, to avoid responsibility, when there was a possible graver liability for injuries caused by him, should rush into the lower court and secure a judgment in his favor. Answering the question as follows, the court held that the judgment of the municipal court was *res adjudicata* of and a bar to the second action in the common pleas court:

"It is asked what the remedy would be if a person, to avoid responsibility, when there was a possible graver liability for injuries caused by him, should rush into a lower court and secure a judgment in his favor.

Well, that is assuming that the court acts corruptly or inadvisedly when there is a judgment in favor of the plaintiff in that action in order to prevent a larger liability being asserted. We do not think that such an argument is tenable, but, if it were, we presume there is a remedy in the courts, if taken at the proper time; that is if the municipal court case was started first so that it had precedence, and thus obtained jurisdiction, then in the common pleas court, where the same matter was involved, the common pleas court having more complete and adequate jurisdiction than has the municipal court, upon a proper setting up of that in the petition or supplemental petition in the court of common pleas an injunction might be granted by the common pleas to enjoin the defendant in the common pleas court, the plaintiff in the municipal court, from proceeding in the municipal court, for the reason that the matter was pending in the common pleas court, which had more complete jurisdiction over the matter, and we think an inferior court might be enjoined under the circumstances."

See, also, to the same effect, *Todhunter v. Smith,* 219 Cal. 690, 28 P. (2d) 916.

■ It is unimportant whether appellant's claim of thirteen thousand dollars be entitled "counterclaim" or whether it be designated "set-off." If the claim is a "set-off," the statute (Rem. Rev. Stat., § 1861 [P. C. § 9596]) is a complete negative answer to the question presented. If the claim is regarded as a "counterclaim," our opinion in *Bertles v. Hawkins Motor Car Co.,* 94 Wash. 680, 163 Pac. 3, is controlling and likewise answers the question in the negative.

If appellant's claim is a "counterclaim" under Rem. Rev. Stat., § 265 [P. C. § 8352] (1), it also meets every requirement of that portion of Rem. Rev. Stat., § 266 [P. C. § 8353] quoted below.

"The counterclaim mentioned in the preceding section must be one existing in favor of a defendant, and against a plaintiff between whom a several judgment

might be had in the action, and arising out of one of the following causes of action;—

"1.  A cause of action arising out of the contract or transaction set forth in the complaint, as the foundation of the plaintiff's claim, or connected with the subject of the action;  .  .  ." Rem. Rev. Stat., § 265.

"The defendant in a civil action upon a contract expressed or implied, may set off any demand of a like nature against the plaintiff in interest, which existed and belonged to him at the time of the commencement of the suit.  .  .  ." Rem. Rev. Stat., § 266.

The statutes governing the acts of justices' courts, defining their jurisdiction and prescribing their procedure, date back to the first territorial legislature. The pertinent sections, which differ not from the form in which they were enacted eighty-eight years ago, read as follows:

"To entitle a defendant to any setoff he may have against the plaintiff, he must allege the same in his answer; and the statutes regulating setoffs in the superior court shall in all respects be applicable to a setoff in a justice's court, if the amount claimed to be set off, after deducting the amount [found] due the plaintiff, be within the jurisdiction of the justice of the peace; judgment may, in like manner, be rendered by the justice, in favor of the defendant, for the balance found due the plaintiff." Rem. Rev. Stat., § 1789 [P. C. § 9595].

"When the setoff of the defendant proved shall exceed the claim of the plaintiff, and such excess in amount exceed the jurisdiction of a justice of the peace, the court shall allow such amount as is necessary to cancel the plaintiff's claim, and give the defendant a judgment for costs; but in such case the court shall not render judgment for any further sum in favor of the defendant."  Rem. Rev. Stat., § 1861 [P. C. § 9596].

The meaning of the language in the quoted sections is clear.  In justice court, where the defendant claims a set-off against plaintiff, he must plead it—"allege the same in his answer."  If the amount claimed to be

set off is within the jurisdiction of the justice court, the justice of the peace will proceed as "in the superior court"; that is, he will set off the claim against the plaintiff. If the set-off exceeds the jurisdiction of the justice court, that court "shall allow such amount as is necessary to cancel the plaintiff's claim, and give the defendant a judgment for costs," but shall not render judgment for any further sum in favor of the defendant.

Obviously, in enactment of the foregoing statute, the legislature never contemplated destruction of the claim of defendant and forbidding his seeking relief elsewhere. No such intention may reasonably be imputed to the legislature; otherwise, the legislature would surely, at least, have given by that statute affirmative relief to the defendant up to the amount of the jurisdiction of the justice court.

The word "counterclaim," so far as our research discloses, does not appear anywhere in the justice court statutes. It clearly appears from the language of that section of the statute (Rem. Rev. Stat., § 1861) respecting the extent of the allowance of a set-off of a defendant against the claim of a plaintiff, that the term is used in a sense sufficiently broad to include a claim which is larger than plaintiff's original claim and which may be so large that it is beyond the jurisdiction of the justice court. The statute applies to matters arising out of the same transaction and exceeding the claim of plaintiff, even if it exceeds the jurisdiction of the justice court, and the defendant is not precluded by the judgment in the justice court from claiming his excess in another forum.

Whether its claim be regarded as a set-off or considered as a counterclaim, appellant could have refrained from submitting that claim to the jurisdiction of the justice court, and it could still have maintained an action upon it in the superior court; or, appellant could

have asserted its set-off or counterclaim in the justice court, and thereafter maintained a separate action in the superior court for the balance of its claim.

In *Bertles v. Hawkins Motor Car Co.*, 94 Wash. 680, 163 Pac. 3, both plaintiff and defendant expressly waived their respective damages in excess of $99.99. On appeal to the superior court, defendant attempted to claim a larger amount, which it had not previously brought out into the open. That case is one in which both claim and counterclaim arose (as is the situation in the case at bar) out of the same transaction and involved the same issue—the responsibility for a single automobile accident. We properly held that, after its waiver, defendant could not later claim a larger amount. In the course of our opinion, we stated, as follows, the remedy which was available to that defendant and which is available to appellant in the case at bar:

"But we think it is plain that it was not necessary for the appellant to set up its counterclaim in the justice court for an amount less than the actual damage. It could have defended there without setting up the counterclaim, and at the same time have maintained an action for a greater amount in the superior court."

In *State ex rel. Alaska Pacific Navigation Co. v. Superior Court*, 113 Wash. 439, 194 Pac. 412, in answer to the argument that a defendant who has a claim against the plaintiff which is available, at his option, either as a defense or as an affirmative cause of action, estops himself from maintaining an action to recover any part of it, and loses the excess by interposing it as a defense and applying a part of it to pay or defeat the plaintiff's action, we said:

"This argument, however, is fallacious in this, that, where a defendant has a counterclaim or set-off in the use of which he has been necessarily restricted, he may maintain a separate action for the balance of his claim

after he has asserted a portion of it as a set-off or counterclaim."

In view of our statutes (Rem. Rev. Stat., §§ 1789, 1861), and our opinion in *Bertles v. Hawkins Motor Car Co., supra,* it is unnecessary to discuss *Allamong v. Falkenhof, supra,* and *Todhunter v. Smith, supra,* which are cited by counsel for appellant, in support of the argument that the determination by the justice court of the employees' claims would be *res adjudicata* of appellant's claim whether asserted or not in the justice court.

"In any case where the nature of plaintiff's claim is such that defendant's affirmative matter could not properly be pleaded by way of set-off, or the amount of the set-off is beyond the jurisdiction of the court, the judgment will not preclude defendant from bringing a separate action." 34 C. J. 866.

The judgment is affirmed.

ROBINSON, C. J., STEINERT, JEFFERS, and MALLERY, JJ., concur.