MARALDO, APPELLEE, *v.* HENDRICKS, APPELLANT.

(No. 22089—Decided March 19, 1951.)

*Messrs. McDermott & McDermott,* for appellee.
*Messrs. Crossen & Chamberlin,* for appellant.

Fess, J. This is an appeal on questions of law from an order of the Common Pleas Court restraining defendant from prosecuting an action against the plaintiff in the Municipal Court of Cleveland, and ordering the Municipal Court case consolidated with the Common Pleas Court case.

Following an automobile collision, defendant herein instituted an action in the Municipal Court for property damages in the sum of $584.90 against the plaintiff herein. Plaintiff filed an answer and cross-petition for $50,350, to which cross-petition a demurrer was sustained. Thereafter, plaintiff instituted the instant action against the defendant to recover $50,350, in which the defendant filed an answer, but no cross-petition. Thereupon, plaintiff filed a motion to enjoin the prosecution by the defendant of the action in the Municipal Court pending final disposition of the instant case or, in the alternative, to consolidate the Municipal Court case with the instant case. From the order granting the motion, defendant appeals.

The Municipal Court duly acquired jurisdiction of the action instituted therein. It did not have jurisdiction of the counterclaim. Thereafter, the Common Pleas Court acquired jurisdiction of the parties and the subject matter of the claim previously set forth in the cross-petition filed in the Municipal Court. Since the conflicting claims of the respective parties arise out of the same transaction, they may properly be determined in the instant action if the defendant elects so to do. But, the Municipal Court having first acquired jurisdiction of the defend-

ant's action, can its limited jurisdiction be ousted by a court of general or unlimited jurisdiction? In *State, ex rel. McHenry,* v. *Calhoun, Jr.,* 87 Ohio App., 1, 57 Ohio Law Abs., 12, the Court of Appeals denied a writ seeking to prohibit a justice of peace from hearing a property damage claim which could have been asserted as a counterclaim in another action between the same parties previously instituted in the Common Pleas Court, and held that the pendency of the action in the Common Pleas Court was not a bar to an action by the defendant in the justice court. Without determining the matter or expressing any opinion thereon, attention was directed to the note in 125 A. L. R., 337, discussing the right to enjoin the prosecution of actions in courts of limited jurisdiction because of the existence of counter rights beyond such limited jurisdiction. In this appeal we are confronted with the determination of that question.

The editor of the note in 125 A. L. R. states:

"It seems that it may be stated as a general proposition that where a person is sued in a court of limited jurisdiction upon a cause of action with respect to which he asserts a counterclaim arising out of the same transaction, in excess of the jurisdiction of the court in which he is sued, he may, pending the determination of his counterclaim in a court having jurisdiction thereof, enjoin the further prosecution of the action in the court of limited jurisdiction."

The cases referred to in the note are from California and Georgia. Reference is made to the obiter in *Allamong* v. *Falkenhof* (1930), 39 Ohio App., 515, 177 N. E., 789, in which it was suggested that the court of limited jurisdiction might be enjoined from proceeding by the court of original jurisdiction. In most, if not all, of the California and Georgia cases cited, the action in the inferior court was enjoined in an inde-

pendent action in equity setting forth equitable grounds for relief, and upon the granting of the injunction presumably a bond was furnished.

In addition to the cases mentioned in the 125 A. L. R. note, a number of others have been examined. In *Order of Railway Conductors* v. *Gorman,* 133 F. (2d), 273, it is said that the assertion of a setoff or counterclaim in excess of the jurisdiction of a court of limited jurisdiction will not oust the jurisdiction with respect to the claim asserted in the complaint which is within the jurisdiction of the court. Cited are *Nelson* v. *Meyer,* 66 Colo., 164, 180 P., 86; *Jefferson Gardens* v. *Terzan,* 216 Wis., 230, 257 N. W., 154; *Sells* v. *Elmergreen,* 183 Wis., 532, 198 N. W., 267.

*Sanders* v. *Brooks,* 238 Mo. App., 485, 183 S. W. (2d), 353, holds that where a defendant in a justice court has an equitable defense over which the justice has no jurisdiction, the proper remedy is to institute a separate suit in equity and have the proceeding in the justice court stayed until the rights are determined by the court of equity.

In New Jersey, if a counterclaim exceeds the limited jurisdiction, a statute authorizes the transfer of the action to the court having general jurisdiction. *Broad & Branford Place Corp.* v. *J. J. Hockenjos Co.,* 132 N. J. L., 229, 39 A. (2d), 80.

In *Centennial Flouring Mills Co.* v. *Schneider,* 16 Wash. (2d), 159, 132 P. (2d), 995, the denial of an injunction was affirmed on the ground that, where the nature of a plaintiff's claim is such that the defendant's affirmative matter cannot be properly pleaded because it is in excess of the jurisdiction of an inferior court, judgment therein would not preclude the defendant from bringing a separate action. *Allamong* v. *Falkenhof, supra,* is referred to in the opinion.

See, also, *2525 7th Ave. Corp.* v. *Knight,* 260 App.

Div., 733, 23 N. Y. Supp. (2d), 435, commenting on *Silberstein* v. *Begun*, 232 N. Y., 319, 133 N. E., 904.

In the instant case, plaintiff instituted his action at law for damages, and thereafter the motion for injunction was granted without bond.

During argument, defendant waived any error incident to the failure to require or give bond. *Quaere*: Could defendant be adjudged in contempt in case he proceeded with his original action? Cf. *In re Cattell*, 146 Ohio St., 112, 64 N. E. (2d), 416.

As pointed out by McNamee, J., in the *Calhoun case, supra*, as between courts of concurrent jurisdiction, the one whose power is first invoked acquires the right to adjudicate the controversy to the exclusion of other tribunals, but the rule has no application where the conflict of jurisdiction is between a court of general jurisdiction and one of limited jurisdiction whose powers are inadequate to afford full relief.

The general rule that a defendant must set up every defense or defenses or be deemed to have waived them does not apply to a counterclaim. *Covington & Cincinnati Bridge Co.* v. *Sargent*, 27 Ohio St., 233; *Swensen* v. *Cresop*, 28 Ohio St., 668; *Witte* v. *Lockwood*, 39 Ohio St., 141. A defendant may reserve his counterclaim and sue on it in a separate action. 36 Ohio Jurisprudence, 580, Section 92; 8 A. L. R., 634. In effect, the order attempting to consolidate the actions compels the defendant to assert his claim for property damage in the instant case when he prefers to pursue it in the Municipal Court.

The jurisdiction of the Municipal Court is unaffected by the pendency of the action in the Common Pleas Court. Each court has jurisdiction of the separate causes. The underlying policy of the Code is to avoid a multiplicity of actions and to provide a forum in which all causes of action arising out of the same transaction may be determined in a single action, but

a party nevertheless may choose his own forum. In this case, defendant chose the Municipal Court and plaintiff chose the Common Pleas Court. Without deciding that in an appropriate independent action in equity in the interest of avoiding a multiplicity of suits and the determination of all conflicting claims in one action an injunction may issue to stay the prosecution of a cause of action in a court of limited jurisdiction, we hold (1) that the court erred in ordering the cases consolidated; and (2) that the court erred in restraining the defendant from prosecuting his action in the Municipal Court.

The judgment is reversed and the cause is remanded with directions to dissolve the injunction and overrule the motion therefor and for further proceedings.

*Judgment reversed and cause remanded.*

CARPENTER, P. J., and CONN, J., concur.

CARPENTER, P. J., FESS and CONN, JJ., of the Sixth Appellate District, sitting by designation in the Eighth Appellate District.